114

Steven Wayne BRAMLETT *v.*
STATE of Arkansas

CR 84-112                                   679 S.W.2d 209

Supreme Court of Arkansas
Opinion delivered November 19, 1984

*Witt Law Firm,* by: *Ernie Witt,* for appellant.

*Steve Clark,* Att'y Gen., by: *Velda P. West,* Asst. Att'y Gen., for appellee.

P. A. HOLLINGSWORTH, Justice. The appellant, who was 17 at the time, was charged with attempted capital murder in September 1978 for robbing a convenience store and kidnapping, raping, and shooting the clerk. He pled guilty and was sentenced to life imprisonment by the trial court on October 30, 1979. Nearly four years later, on May 31, 1983, the appellant filed a petition seeking post-conviction relief. After an evidentiary hearing, the trial court denied the requested relief.

Ark. R. Crim. P. Rule 37.2(c) provides that all petitions filed under Rule 37 "must be filed in circuit

court. . .or in the Supreme Court within three (3) years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void." These rules were promulgated on December 18, 1978, before the appellant's conviction on this charge.

We dealt with this question in *Rogers* v. *State*, 265 Ark. 945, 582 S.W.2d 7 (1979) where we stated:

> More than five years have passed since petitioner's commitment,. . .If a grave injustice was committed, why did petitioner wait so long to file his petition? Petitioner is not claiming relief under some new law that has been applied retroactively but his allegations could easily have been raised five years ago in a motion for new trial. He could have filed his petition for post-conviction relief as soon as the mandate affirming the judgment was issued by this Court.

In *Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182 (1981), we found a petition filed more than three years after rehearing was denied by the U.S. Supreme Court to be clearly untimely. We held that it was to be denied unless the grounds asserted would render the judgment void.

We addressed the substance of the petitioner's allegations in *Rogers supra.,* because they could be determined from the record and by applying existing state law. Here the record, which was not abstracted, reveals that at the time of sentencing, the trial judge carefully explained what a waiver of jury trial meant, and the appellant clearly stated he understood.

When a guilty plea is challenged, the issues are whether the plea was intelligently and voluntarily entered and whether the accused entered the plea with advice of competent counsel. *Williams* v. *State*, 273 Ark. 371, 620 S.W.2d 277 (1981). The appellant has the heavy burden of establishing that counsel's advice was not competent. *U.S.* v. *Cronic*, 104 S.Ct. 2039 (1984); *Crockett* v. *State*, 282 Ark. 582, 669 S.W.2d 896 (1984).

From a review of the record and briefs before this Court, we find the petition for post-conviction relief was filed beyond the time allowed and was without merit.

Affirmed.