Charles LOCKLEAR *v.* STATE of Arkansas

CR 86-121                                716 S.W.2d 766

Supreme Court of Arkansas
Opinion delivered September 29, 1986

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Charles Locklear pleaded guilty in 1977 to capital murder and was sentenced to life imprisonment without parole. In 1985, appellant Locklear filed a petition seeking to withdraw the plea pursuant to Criminal Procedure Rule 37. He alleged, among other things, that he was denied a speedy trial. Relief was denied and appellant has lodged the record on appeal with this court. Counsel was appointed to represent the appellant and has filed a brief on his behalf. The issue of whether appellant's

right to a speedy trial was violated is not raised in the brief. Appellant now seeks to supplement the brief *pro se* to raise the speedy trial issue.

██ This court will permit an appellant to submit a *pro se* supplemental brief if he can demonstrate that his attorney has omitted an issue on which he is likely to prevail. Appellant's allegation that he was denied a speedy trial, however, was not timely raised under Rule 37.2(c), and, as a result, was waived.

██ Rule 37.2 was amended on December 18, 1978 to provide that all grounds for relief under the rule must be addressed to the court within three years of the date of commitment, unless some ground is sufficient to render the judgment of conviction absolutely void. The three-year limitation was not in effect when appellant was convicted, but even if appellant were allowed three years from the date the rule was amended, his petition was not timely filed. As appellant's speedy trial argument was not timely raised, he could not prevail unless the failure to afford a defendant a speedy trial is an error so basic that the judgment of conviction is rendered a nullity and thus void. We do not find that the failure of counsel to move to dismiss a charge on speedy trial grounds to be a defect sufficient to void a judgment. A speedy trial violation is not jurisdictional. *Smith* v. *United States*, 677 F.2d 39 (8th Cir. 1982). There being no merit to the point for reversal which appellant wishes to raise, his motion to supplement the brief is denied.

Motion denied.