Danny SANDERS *v.* STATE of Arkansas

CR 86-218                                               723 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered February 9, 1987

*Wallace, Hamner & Arnold,* by: *Ralph Hamner,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner, Danny Sanders, was convicted of aggravated robbery and rape on September 16, 1981, for which he received sentences of twenty years and sixty years to be served

concurrently in the Department of Correction. Sanders appealed and the judgment was affirmed. *Sanders* v. *State*, 276 Ark. 342, 635 S.W.2d 222 (1982).

Danny Sanders now brings this "Petition to Set Aside Judgment or to Proceed Pursuant to Rule 37.2." The petition alleges that his grounds for relief are such as to render the judgment of conviction against him absolutely void. The grounds are that the victims, Roger Hughes and Bonita Hughes, provided the only evidence against Sanders at the trial. Both identified Sanders as one of four men who entered their tent while they were camping on the night of July 4, 1981.

The petition makes a number of allegations that Sanders was denied due process due to improper tactics by the prosecution—the denial of information to the defense which tended to negate Sanders's guilt and the use of improper lineup procedures. Accompanying the petition are affidavits from Roger Hughes asserting that Danny Sanders was not one of the four men who robbed the Hugheses that evening, notwithstanding his identification of Sanders at trial as one of the robbers. The affidavit further asserts that Bonita Hughes, from whom Roger Hughes is now divorced, had stated to him that Sanders was not the individual who forced her to perform oral sex while Roger Hughes and two of the robbers had gone to their car to look for money.

Also accompanying the petition is an affidavit of Jackie Don Britt dated March 28, 1984 in which Britt asserts that he, and not Danny Sanders, was the person who sexually assaulted Bonita Hughes on July 4, 1981. The affidavit identifies the four individuals who robbed the Hughes that night and repeatedly asserts that Danny Sanders was not involved in the crimes. Accompanying the affidavit is a verified statement taken from Jackie Don Britt at the Cummins Unit of the Arkansas Department of Correction, where Britt was incarcerated on an unrelated charge. The statement confirms the information in the affidavit and provides a detailed account of the actions of the four men on the night in question.

Accompanying the petition is the report of a polygraph administered to Danny Sanders on December 17, 1985 by L.E. Gwyn, Polygraph Examiner, stating his opinion that Sanders

answered truthfully in denying being at the Hughes campsite on the date in question or having sexually abused Bonita Hughes.

Also appended to the petition is a thorough report of an investigator concerning interviews with various people attesting to the fact that Danny Sanders was at places other than the crime scene at the time the offenses were occurring.

Finally, the petition outlines physical discrepancies which support the conclusion that Danny Sanders was not guilty of the crimes for which he was convicted: The individual who assaulted Mrs. Hughes, who was said to have been shirtless, was described by Mrs. Hughes as being about 6 feet in height and without distinguishing marks. Whereas, Danny Sanders is less than 5'1" and his arms are covered with tatoos. Other dissimilarities between Sanders and the perpetrator are cited.

The prayer of the petition is that the judgment of conviction be set aside and a new trial ordered.

■■ While we view the supporting data as having apparent credibility, we are compelled under our rules to deny the petition for two reasons: it is untimely and it constitutes a direct attack on a judgment for which Rule 37 is explicitly not intended. In *Chisum* v. *State*, 274 Ark. 332, 625 S.W.2d 448 (1981), we said:

> A motion asking the trial court to grant a new trial for newly discovered evidence is plainly a direct effort to have the judgment vacated, not a collateral attack. See *Woods* v. *Quarles*, 178 Ark. 1158, 13 S.W.2d 617 (1929). We have already expressed our doubts, without having to decide, whether newly discovered evidence is a proper basis for relief under our post-conviction rule. *Gross* v. *State*, 242 Ark. 142, 145, 412 S.W.2d 279 (1967). We now declare that it is not.

■ As to the timeliness of the petition, the judgment in this case was entered in September, 1981 and this petition was filed on December 29, 1986. A.R.Cr.P. Rule 37.2(c) provides that a petition "claiming relief under this rule *must be* filed in . . . the Supreme Court within three years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void. Obviously the judgment of conviction

in this case is not absolutely void.

While we must deny the petition for the reasons stated, we are constrained to express our belief that the petition presents a meritorious case for reopening, that Danny Sanders's conviction was the result of mistaken identification. For that reason we regard the matter as an appropriate appeal for clemency and we commend it to the executive branch as facially worthy of serious consideration.

For the reasons stated, the petition is denied.

HICKMAN, J., not participating.