William C. HEDRICK, Jr. *v.* STATE of Arkansas

CR 87-1                                         730 S.W.2d 488

Supreme Court of Arkansas
Opinion delivered June 8, 1987

*Thomas M. Carpenter*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This Rule 37 appeal ensues from a murder to which appellant pled guilty on March 17, 1975, over twelve years ago. Appellant committed the murder of Louis G. Boyd during the perpetration of a robbery. He was charged with murder in the first degree pursuant to Ark. Stat. Ann. § 41-2205 (Repl. 1964), but he later pled guilty to capital felony murder under Ark. Stat. Ann. § 41-4701 (Supp. 1973), and was sentenced to life without parole. Appellant now seeks post-conviction relief based upon the argument that he pled guilty to capital felony murder, a crime with which he was never charged. Thus, he claims the sentence given him was illegal, and, instead, he is entitled to have it set aside or reduced to life imprisonment — the sentence for first degree murder, the crime with which he was charged. We reject appellant's argument, as did the trial court.

Rule 37.2(c) of the Arkansas Rules of Criminal Procedure provides that an attack on a conviction pursuant to Rule 37 must be made within three years from the date of commitment, unless the ground for relief would, if proven, render the conviction absolutely void. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985). Of course, the conviction at hand was not

challenged within the three-year period, so appellant is left only with the argument that his conviction was absolutely void under the provisions of Rule 37.2(c) or was illegal under Ark. Stat. Ann. § 43-2314 (Supp. 1985) — a statutory provision that authorizes a circuit court to correct an illegal sentence at any time. We hold that appellant has demonstrated no entitlement to relief under either of these provisions.[1]

We first should point out that we agree with appellant's underlying contention that a person cannot, under due process, be convicted of a crime for which he was not charged. In support of this fundamental proposition, we note *Bosnick v. State*, 248 Ark. 846, 454 S.W.2d 311 (1970), wherein we stated that the State's law in effect then was not intended to enable the State to charge one "class of murder" (premeditated murder) and then prove a different class (murder in perpetration of a robbery). Stated in other terms, a conviction upon a charge not made would be sheer denial of due process. *Thornhill v. Alabama*, 310 U.S. 88 (1940).

The *Bosnick* case, of course, involved a conviction that resulted from a jury trial, and the case here involves a conviction that resulted from appellant's plea of guilty to a charge of felony murder. Such a distinction, however, in no way relieves the State's burden to gain a conviction to the crime with which it charges a defendant. In *Switzer v. Golden, Judge*, 224 Ark. 543, 274 S.W.2d 769 (1955), the petitioner was charged with one specific instance of selling liquor in a dry territory, a misdemeanor. He pled guilty, however, to a third offense of selling intoxicating liquor in a dry territory, a felony. Our court held the trial court exceeded its jurisdiction in sentencing the defendant to prison on a plea of guilty to a felony when he was charged only with a misdemeanor. 224 Ark. at 545.

While, then, acknowledging the validity of appellant's argument that he could not legally plead guilty to a crime for which he was not charged, we cannot agree that he demonstrated such an error occurred. The record, as presented to us, is

---

[1] While appellant advocates the applicability of § 43-2314, his sentence was imposed in 1975, and we have held that § 43-2314 is not available to correct a sentence if the sentence was imposed before the statute became law in 1983. *Williams v. State*, 291 Ark. 255, 724 S.W.2d 158 (1987).

incomplete and confusing. Unquestionably, appellant committed a murder during a robbery for which the State, at that time, had the option of charging him with either capital felony murder or first degree murder. The facts underlying either of these crimes were the same, and those facts were recited in the information filed against appellant; the information was titled "capital felony information," but, in the body of the information, he was charged with committing the crime of "murder in the first degree," in violation of Ark. Stat. Ann. § 41-2205 (Repl. 1964). The State later filed an amended information bearing the same caption and criminal charge but changing only the date the robbery-murder occurred. No conviction judgment appears in the record, nor is there a transcript of the hearings at which appellant entered his plea and was sentenced. The record does reflect appellant's plea statement wherein he and his attorney acknowledged he was charged with capital felony murder and that he could, upon entering a plea, receive a sentence of from life without parole to death. Appellant signed that statement, admitting his guilt to capital felony murder. Too, his attorney signed the statement, indicating that he had discussed the plea statement with appellant, that appellant understood the statement and its contents and appellant's guilty plea was consistent with the facts as appellant related them to the attorney. The only other matter of record of what occurred when and after appellant was sentenced is a penitentiary commitment order remanding appellant to the Department of Correction for life without parole. That order reflects March 17, 1975, as the date of the "Proceedings" and the style contained the words, "Indictment for Murder In First Degree."

■ As we have already noted, appellant, in his claim for post-conviction relief, must show his conviction judgment is absolutely void or illegal. In other words, the burden is on appellant, as the petitioner, to demonstrate that the judgment entered was a nullity, and the presumption that a criminal judgment is final is at its strongest in collateral attacks on the judgment. *Travis* v. *State, supra.* Here, as we mentioned earlier, the record is incomplete, and in examining what is in the record, we are left with the impression that something may well have happened at the sentencing hearing that could reconcile the ambiguity caused by the filed documents reflecting the dual use of

the terms (crimes), first degree murder and capital felony murder.

■ In oral argument, appellant's counsel conceded the sentencing record of what occurred in open court in 1975 no longer exists. Nonetheless, we have held that the appellant has the burden of supplying a transcript of the proceedings below and that burden includes the responsibility of obtaining a transcript or its reconstruction. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). In sum, we hold that appellant has not met his burden of showing his conviction is illegal or absolutely void.

In conclusion, we add that one matter is certain from our study of the record before us. Appellant knew the underlying facts of the murder he committed, and both crimes of first degree murder and capital felony murder were mentioned either in the information filed against him or at the time he pled guilty. Also, we know he faced the prospects of a death sentence. He obviously desired to avoid the death penalty by entering his guilty plea, thereby availing himself of a sentence of life without parole. Under these circumstances, we decline to speculate that the appellant, at the time of sentencing, did not knowingly enter a guilty plea to the charge of capital felony murder. Therefore, we affirm.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The appellant was charged by information with first degree murder pursuant to Ark. Stat. Ann. § 41-2205. Before the scheduled trial he decided to plead guilty. The court accepted the guilty plea; however, it sentenced him for capital felony murder pursuant to § 41-4701, a crime for which appellant had never been charged.

This Court has reached the pinnacle of affirmance in this case by upholding the finding of guilt for a crime which was never charged. So far as I am concerned, the sentence of life without parole is as void as a death sentence issued by a municipal judge. Good-bye due process and equal protection.