Rodney D. WILLIAMS *v.* STATE of Arkansas

CR 87-117                    732 S.W.2d 456

Supreme Court of Arkansas
Opinion delivered July 13, 1987

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant Rodney D. Williams pleaded guilty to burglary and theft by receiving in 1981. Concurrent suspended sentences of three years were imposed. In 1983 the suspended sentences were revoked and petitioner was committed to prison. More than three years after the date of commitment, appellant filed a petition pursuant to Criminal Procedure Rule 37 seeking to vacate the 1981 guilty pleas. The trial court concluded that the petition was not timely and denied relief. Appellant filed a notice of appeal from that order and has now lodged the record in this

court. He requests appointment of an attorney to represent him.

Rule 37.2(c) provides that a petition under the rule is timely only if filed within three years of the date of commitment. Grounds for relief in a petition filed after three years will be considered only if sufficient to void absolutely the judgment of conviction. *See Collins* v. *State*, 271 Ark. 825, 611 S.W.2d 182, *cert. denied* 452 U.S. 973 (1981). A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 935 (1985). This court will not appoint counsel to pursue the appeal of an untimely Rule 37 petition unless the petition states a ground sufficient to void the judgment. *See Baker* v. *Lockhart*, 288 Ark. 91, 702 S.W.2d 403 (1986).

Appellant alleged in his Rule 37 petition that the burglary and theft by receiving charges to which he pleaded guilty in 1981 had been nol prossed and not refiled within one year. He further contended that his attorney was ineffective for not obtaining dismissal of the charges.

The trial court correctly concluded that the allegations in the petition were not sufficient to void a judgment. As there was clearly no merit to the petition filed in the trial court, it would be pointless to continue with an appeal of the lower court's order dismissing it. The motion for counsel is denied and the appeal dismissed.

Motion denied and appeal dismissed.