## Kathy YORK *v.* STATE of Arkansas

CR 87-207                           747 S.W.2d 102

Supreme Court of Arkansas
Opinion delivered March 28, 1988

*Hickam & Williams, P.A.*, by: *Lynn Williams*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This appeal is from the trial court's denial of appellant's Rule 37 petition. The sole issue on appeal is whether the trial court was correct in finding that the appellant's Rule 37 petition was untimely filed. We find no error and

therefore affirm.

■ On November 18, 1982, the appellant was found guilty of first-degree murder and sentenced to life imprisonment. She did not appeal her conviction. Appellant filed a petition for post-conviction relief pursuant to A.R.Cr.P. Rule 37 on June 11, 1987, more than four years from the date of her commitment. Rule 37.2(c) provides that a timely petition must be filed within three years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void. Appellant in her complaint alleges several grounds for Rule 37 relief, but in this appeal she argues only that her claim of ineffective assistance of counsel is sufficient to void her conviction. Her main complaint against her attorney was his inexperience because her case was his first murder trial.

■■ A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity. *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987) (per curiam). This court has recognized that a judgment obtained in a court without jurisdiction to try the accused and a judgment obtained in violation of the provisions against double jeopardy are sufficient grounds to void a conviction. *Travis* v. *State*, 286 Ark. 26, 688 S.W.2d 26 (1985). Here, the appellant failed to timely file her Rule 37 petition, and now the burden is on her to demonstrate that the judgment entered is a nullity. *See id.*

■ This court has recently refused to recognize ineffective assistance of counsel, for failing to seek the dismissal of charges that had been nol prossed and not refiled within one year, as a ground of relief that voided a conviction. *Williams*, 293 Ark. 73, 732 S.W.2d 456. In *Williams*, we were addressing a petition for Rule 37 relief filed more than nine years after the conviction, and this court upheld the trial court's finding that the petition was untimely filed. In the present case, appellant's complaint of the inexperience of her counsel is clearly not a sufficient ground to void her conviction. Accordingly, we must find that the trial court correctly concluded that the appellant's petition for post-conviction relief was untimely filed under Rule 37.2(c).