James MAXWELL *v.* STATE of Arkansas

CR 88-75                                   767 S.W.2d 303

Supreme Court of Arkansas
Opinion delivered April 3, 1989

*Marc Aaron Kline*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This appeal from the denial of a Rule 37 petition raises the question whether the petition was timely under A.R.Cr.P. 37.2(c) which requires filing within three years, unless the grounds for relief would render the conviction absolutely void.

Appellant James Maxwell was charged with capital felony murder and on February 21, 1980, he pled guilty to a reduced charge of first degree murder, receiving a sentence of life imprisonment.

On October 26, 1987, appellant filed a Rule 37 petition claiming his guilty plea was involuntary. On November 3, 1987, the trial court issued an order acknowledging the petition and finding it was beyond the time allowed under Rule 37.2(c). The order stated that, "Without considering the issues, the appellant is given 30 days to supplement his petition to show justification or an explanation for the delay." On November 13, 1987, appellant filed a supplemental petition containing allegations that his conviction was void.

A hearing on the Rule 37 petition was held on February 29, 1988. At the beginning of the hearing the circuit judge again

noted that the petition was untimely. He further noted that there was no practical way to separate the evidence going to the merits of appellant's claims and the evidence going to show that the conviction was void, the latter proof allowing an otherwise untimely petition. That being so, the trial court allowed appellant to present all his evidence together. After the evidentiary hearing the court denied the petition, reaching the merits of appellant's claims and specifically denying the petition on that basis.

We affirm the trial court, but we find the petition should have been denied not on the basis of the merits, but rather for the untimeliness of the petition, as none of appellant's claims would have rendered his conviction void.

While timeliness was not raised below the state now contends it may be raised for the first time on appeal because the time limits imposed by Rule 37.2(c) are jurisdictional. Though we have not addressed this point before, we agree with the state's position.

A.R.Cr.P. 37.2(c) provides:

> A petition claiming relief under this rule must be filed in circuit court, or, if prior permission to proceed is necessary as indicated in paragraph (a) [a case originally appealed to this court], in the Supreme Court, within three (3) years of the date of commitment, *unless the ground for relief would render the judgment absolutely void.*

Jurisdiction is the power and authority of the court to act, *Mark Twain Life Ins. Corp.* v. *Cory*, 283 Ark. 55, 670 S.W.2d 809 (1984), and to hear a case on its merits, 20 Am. Jur. 2d, *Courts* § 88 (1965). Here, Rule 37.2(c) clearly limits the court's power when cases are filed after three years to act on and hear the merits of only those cases where the conviction would be rendered absolutely void, and we have consistently so held. *York* v. *State*, 295 Ark. 163, 747 S.W.2d 102 (1988); *Hedrick* v. *State*, 292 Ark. 411, 730 S.W.2d 488 (1987); *Williams* v. *State*, 293 Ark. 73, 732 S.W.2d 456 (1987); *Ellis* v. *State*, 291 Ark. 72, 722 S.W.2d 575 (1987); *Sanders* v. *State*, 291 Ark. 200, 723 S.W.2d 370 (1987); *Craft* v. *State*, 289 Ark. 466, 712 S.W.2d 303 (1986); *Locklear* v. *State*, 290 Ark. 70, 716 S.W.2d 766 (1986); *Henry* v. *State*, 288 Ark. 592, 708 S.W.2d 88 (1986); *Travis* v. *State*, 286

Ark. 26, 688 S.W.2d 935 (1985); *Bramlett v. State,* 284 Ark. 114, 679 S.W.2d 209 (1984). There are strong policy reasons supporting limitations on the trial court's authority to act. As we stated in *Travis, supra:*

> At some point we are entitled to presume that the convicted defendant has exhausted his state remedies and stands fairly and finally convicted. (cite omitted). The need for stability of judgments in criminal cases requires that the petitioner raise whatever issues he may desire to raise within the reasonable time set by our procedural rules.

Those same reasons were cited in *United States v. Robinson,* 361 U.S. 220 (1959), in holding the time limits on post-trial remedies to be jurisdictional. We believe the language of Rule 37.2(c) and the policy reasons behind it are sufficient to hold that the time limits of the rule are jurisdictional in nature.

We note that at the beginning of appellant's testimony, the trial court inquired as to the reason for the inordinate delay in bringing the petition. Appellant responded he had only recently learned of the existence of Rule 37 relief, and that, he had no reason to complain about a promise of a parole in seven years until the seven years had passed.

The trial court accepted the reasons given as "entirely reasonable." At the conclusion of the hearing the trial judge repeated his position on the timeliness issue, finding there was reason for delay in the submission of the petition, but finding the claims lacking on their merits. Needless to say, appellant's explanations for an untimely petition were not sufficient to void his conviction. Contrary to the comments of the trial court, the standard for allowing a late petition is not the "reasonableness" of the delay, but whether the alleged grounds are sufficient to render the conviction *absolutely void.*

We emphasize that a court always has the power and duty to examine the evidence and determine whether in fact it does have jurisdiction over the matter. *LaRue v. LaRue,* 268 Ark. 86, 593 S.W.2d 185 (1980); *Arkansas Savings & Loan Ass'n v. Corning Savings & Loan Ass'n,* 252 Ark. 264, 478 S.W.2d 431 (1972). That being so, a petition once tendered should be filed even though untimely so that the court may exercise the power

and duty to determine whether jurisdiction exists. Also, as recognized by the trial court in this case, often in a Rule 37 hearing evidence offered on the merits will be intertwined with evidence on the issue of voidness, making severance of those two issues difficult if not impossible. Even so, once it is determined that jurisdiction does not exist, the disposition of the case must be made on that basis. So, in the case at bar, having heard the evidence, the trial court should have determined that none of the contentions rendered appellant's conviction absolutely void and dismissed the petition accordingly.

■ Turning to the specific contentions, appellant claimed ineffective assistance of counsel, comprising four separate allegations. Appellant first claimed that he was misled into believing he was facing the death penalty. We have specifically found this charge insufficient to void a conviction. *Travis* v. *State, supra.* Appellant claimed he had abandoned a meritorious suppression motion because of the misleading advice about the death penalty, that his attorney was simultaneously representing interests adverse to him, and that he was promised parole in seven years. None of these claims have merit. We reiterated the point in *Travis, supra,* that the grounds must be so basic as to make the judgment of conviction a complete nullity, and that issues not sufficient to void the conviction are waived, even if of constitutional dimensions. Appellant's allegations are not so basic as to render the judgment a nullity. See also, *Locklear* v. *State,* 290 Ark. 70, 716 S.W.2d 766 (1986); *Williams* v. *State,* 293 Ark. 73, 732 S.W.2d 456 (1987).

■ Appellant also maintains the trial court was biased, quoting several excerpts from the hearing which he insists support this conclusion. At no time, however, did appellant raise any objection to the comments he now complains of. Absent an objection below, an issue may not be raised on appeal. *Fretwell* v. *State,* 288 Ark. 91, 708 S.W.2d 630 (1986).

As appellant's claims were not sufficient to render his conviction absolutely void, his petition, coming well beyond the three-year limit of Rule 37.2(c), is untimely filed. While the trial court based its denial on the merits of the petition, we uphold the decision for a different reason. *Edgemon* v. *State,* 292 Ark. 465, 730 S.W.2d 898 (1987).

AFFIRMED.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. There was no appeal from the appellant's guilty plea of February 21, 1980. On October 26, 1987, he filed a Rule 37 petition asserting that his guilty plea was involuntary. The matter was properly filed in the trial court. On November 3, 1987, the trial court issued an acknowledgment of the petition and gave the appellant 30 days to amend his petition to show a cognizable cause in the trial court. The appellant then filed an amended petition.

The court subsequently conducted a hearing on both the petition and amended petition. He found that the original petition was untimely and that there was no evidence to support the allegation that the judgement was void.

I believe the court proceeded in the exact manner intended by Rule 37. Certainly the trial court has jurisdiction to determine whether a cause of action is stated in a Rule 37 petition. The trial court is also vested with jurisdiction to make a determination upon the allegations of voidness. In the present case the trial court acted exactly as it should have. The majority opinion acknowledges this when it states that "[w]e emphasize that a court always has the power and duty to examine the evidence and determine whether in fact it does have jurisdiction over the matter." Moreover, the majority opines that once an otherwise untimely petition is tendered, the trial court should exercise its power and determine whether jurisdiction exists.

The court initially determined that the petition was untimely. With the consent of the court, the petition was amended. Thereafter, upon a hearing, the court properly determined that the original petition was untimely and that the conviction was not absolutely void.

The trial court in this case proceeded in strict observance of Rule 37 and the law.