**Rodney WILLIAMS, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 88–1096.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.

Decided May 2, 1989.

Rehearing and Rehearing En Banc Denied July 21, 1989.

J. Scott Schallhorn, Little Rock, Ark. (Court-appointed), for appellant.

Lynley Arnett, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ARNOLD and JOHN R. GIBSON, Circuit Judges, and ROSENBAUM, District Judge.*

ARNOLD, Circuit Judge.

This is a petition for habeas corpus brought by Rodney D. Williams, a prisoner in state custody, under 28 U.S.C. § 2254. The District Court [1] dismissed the petition on the ground that it was barred by a procedural default committed by Williams during post-conviction proceedings in the state courts. We affirm.

Williams has been convicted of burglary and theft by receiving. Initially, sentences were suspended, but in 1983 the suspended sentences were revoked, and Williams was committed to prison. No direct appeal was filed, either at the time of the initial convictions, or later, when the suspended sentences were revoked. More than three years after the date of commitment, Williams filed a petition under Ark.R.Crim. P. 37 seeking postconviction relief. The trial court dismissed this petition, and the Supreme Court of Arkansas affirmed. It held that the petition was untimely, because it was filed more than three years after the date of commitment. *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987) (per curiam). Accordingly, the state courts

---

* The Hon. James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

1. The Hon. H. David Young, United States Magistrate for the Eastern District of Arkansas, decided this case by consent of the parties.

have never reached the merits of petitioner's attack on his convictions.

 This procedural default—the failure to file a timely Rule 37 petition—was the basis for the District Court's decision dismissing Williams's habeas case. The District Court held that Williams had not shown "cause" for this procedural default in the state courts, as required by the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

We start by reaffirming certain general principles made clear by prior cases. In the first place, the rule that certain state-court procedural defaults will bar a petition for federal habeas corpus extends to procedural defaults occurring in the course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts. *E.g., Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir.1988). One example of such a default is the very point involved in this case—the failure to file a timely Rule 37 petition in the Arkansas state courts. *Walker v. Lockhart*, 852 F.2d 379, 381 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1551, 103 L.Ed.2d 854 (1989). The fact that Williams was without counsel in his state post-conviction proceeding does not change these rules. Pro se litigants are subject to the *Wainwright v. Sykes* doctrine. *Vasquez v. Lockhart*, 867 F.2d 1056 (8th Cir.1988).

On appeal, Williams contests the holding of the District Court on two grounds. In order to understand the context of his arguments, it will be necessary to refer briefly to the nature of his claims on the merits. He claims that, at the time of his guilty plea, the burglary and theft-by-receiving charges had been dismissed by a *nolle prosequi* filed by the prosecuting attorney, that under state law claims that had thus been *nol prossed* are forever barred unless refiled within one year, that the charges were not refiled within this one-year period, and that his counsel in the state criminal proceedings was constitutionally ineffective for not raising this point in a motion to dismiss, a motion that Williams claims would surely have succeeded. As "cause"

for not asserting this theory in a timely Rule 37 petition, Williams argues, in his brief in this Court, that he did not discover this violation of his constitutional rights until the three-year time period had run. But this argument, which necessarily raises issues of fact about what Williams knew and when he knew it, was not raised in the District Court. We therefore do not reach it on this appeal. We observe, in addition, that the ignorance that Williams is now pleading is apparently ignorance of the law, rather than of facts. He must have known that his own charges had been *nol prossed*, and that a year had passed since that event. It must be only the legal consequence of these facts that he now claims he did not know about. This kind of ignorance, we think, would not in any event suffice as cause for failing to observe a reasonable statute of limitations on post-conviction relief. The very purpose of such a provision is to preclude stale claims, and a rule of law that would allow it to be avoided whenever a prisoner asserts imperfect knowledge of the law would bid fair to destroy altogether any scheme of limitations. Therefore, we reject this first argument that cause for *Wainwright* purposes was established.

 Next, Williams claims that his Rule 37 petition was not subject to the three-year limit, but instead could be filed at any time. In order to understand this claim, a look at the full text of Ark.R.Crim.P. 37.1 and 37.2, as they existed in 1987, at the time of the Supreme Court's decision in Williams's case, is necessary. At that time the provisions in question read as follows:

**Rule 37.1. Scope of Remedy.**

A prisoner, in custody under sentence of a circuit court and whose case was not appealed to the Supreme Court or the Court of Appeals, claiming a right to be released, or to have a new trial, or to have the original sentence modified on the ground:

(a) that the sentence was imposed in violation of the Constitution and laws of the United States or this state; or

(b) that the court imposing the sentence was without jurisdiction to do so; or

(c) that the sentence was in excess of the maximum authorized by law; or

(d) that the sentence is otherwise subject to collateral attack; may file a verified motion at any time in the court which imposed the sentence, praying that the sentence be vacated or corrected.

### Rule 37.2. Commencement of Proceedings; Pleadings; Permission of Supreme Court Following Appeal.

(a) If the conviction in the original case was appealed to the Supreme Court or Court of Appeals, then no proceedings under this rule shall be entertained by the circuit court without prior permission of the Supreme Court.

(b) All grounds for relief available to a petitioner under this rule must be raised in his original petition unless the petition was denied without prejudice. Any ground not so raised or any ground finally adjudicated or intelligently and understandingly waived in the proceedings which resulted in the conviction or sentence, or in any other proceedings that the prisoner may have taken to secure relief from his conviction or sentence, may not be the basis for a subsequent petition.

(c) A petition claiming relief under this rule must be filed in circuit court or, if prior permission to proceed is necessary as indicated in paragraph (a), in the Supreme Court within three (3) years of the date of commitment, unless the ground for relief would render the judgment of conviction absolutely void.

(d) The decision of the court in any proceeding under this rule shall be final when the judgment is rendered. No motion for rehearing shall be considered.

(e) Before the court acts upon a petition filed under this rule, the petition may be amended with leave of the court.

Ark.R.Crim.P. 37.1 and 37.2, Ark.Stat.Ann. Tit. 43 app. (Supp.1985).[2]

Petitioner understandably stresses the phrase "at any time" appearing in Rule 37.1(d). He points out that his burglary and theft-by-receiving cases were not appealed. He contends, accordingly, that his post-conviction petition was not governed by the three-year limitations period appearing in Rule 37.2(c). This period, the argument runs, applies only to the class of cases described in Rule 37.2(a), that is, cases in which there was a direct appeal from the conviction.

If all we had before us was the text of the rule, as quoted above, petitioner would have a substantial argument. The Supreme Court of Arkansas, in Williams's very case, has held that the three-year limitations period governs, and this interpretation of Rule 37, taken purely as a matter of state law, is final and binding on us. The Supreme Court of Arkansas is the highest and final authority on the law of its own state, and that law is whatever the Supreme Court says it is. The question before us now, however, is not simply to determine state law, but to decide whether that law, whatever it may be, is a bar to federal habeas corpus relief. That ultimate question is one of federal law. To take an analogy that comes readily to mind:[3] in cases before the Supreme Court of the United States on direct review of state courts, if some federal point has not been properly preserved under state practice, then the state rule of procedure involved may be an adequate and independent state ground, sufficient to support the judgment of the state courts and to defeat the jurisdiction of the Supreme Court. Whether the state-law ground is adequate and independent for this purpose is a ques-

---

**2.** The present form of the rule appears at Ark.R. Crim.P. 37.1 and 37.2, Ark.Code Ann. (1987). For purposes of this case, we use the text of the rule as it existed when the Supreme Court decided Williams's post-conviction petition. The rule has been amended once since then, on March 1, 1988, but the amendment is not, in any event, material for present purposes.

**3.** A recent Supreme Court opinion confirms the aptness of the analogy. See *Harris v. Reed,* —— U.S. ——, ——, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("the adequate and independent state ground doctrine applies on federal habeas.").

tion of federal law, and if the state procedural rule is unclear, or has been inconsistently applied, or appears to be a new rule designed to thwart the assertion of federal rights in the very case under review, then Supreme Court jurisdiction will not be defeated. So, if a state court, to take an example that parallels Williams's version of the present case, should somehow unexpectedly interpret the phrase "at any time" to mean "within three years," the Supreme Court, and, by a parity of reasoning, a federal habeas court, might well conclude that such a rule of state law, valid though it may be for purely state-law purposes, would not suffice to bar habeas review under the *Wainwright* doctrine.

In the present case, however, we are convinced that the decisions of the Supreme Court of Arkansas interpreting Rule 37 present no such difficulty. Ever since the three-year limitations period was first added to the Rule in 1979, the Supreme Court has consistently applied it to all post-conviction petitions, including those in which no appeals had been filed. *E.g., York v. State*, 295 Ark. 163, 747 S.W.2d 102 (1988); *Williams v. State, supra; Hedrick v. State*, 292 Ark. 411, 730 S.W.2d 488 (1987); *Poe v. State*, 273 Ark. 194, 617 S.W.2d 361 (1981).

An examination of the history of how Rule 37 developed into its present form explains this line of decisions. The earliest version of the rule, which appears in the 1977 replacement volume of Arkansas Statutes Annotated, includes, in Rule 37.1(d), the phrase "at any time" on which Williams now relies. Rule 37.2 contained only two subsections, (a) and (b). It did not mention any time limit. Rule 37.1 governed cases that had not been appealed to the Supreme Court, while Rule 37.2 governed cases that had been appealed. The distinction between the two classes of cases was simply that, in the case of convictions that had been appealed, proceedings under Rule 37 could not be commenced in a trial court without the prior permission of the Supreme Court. Then, in 1979, subsection (c) was added to Rule 37.2. It contained, as it still does, the three-year limitations period. The phrase "at any time" was left in Rule 37.1(d), thus creating the question of interpretation we are now discussing. Both the history and phrasing of the rule make clear that the three-year period was intended to apply across the board. The "rule" is Rule 37, not Rule 37.1 or Rule 37.2, and the reference in Rule 37.2(c) to "this rule" is a reference to the whole of Rule 37, and not just to Rule 37.2. That is what the consistent course of interpretation by the Supreme Court of Arkansas must mean, and it certainly is not an unreasonable interpretation. On the contrary, the interpretation that Williams now suggests, though the language of Rule 37 would certainly bear it as a matter of grammar, would itself be highly unreasonable. Under his proposed construction, a person who had, for whatever reason, failed to file a direct appeal would be eligible for post-conviction relief at any time in the future, even 50 years from now, while a person who had been diligent enough to pursue his rights by way of direct appeal would be subject to a three-year limit. We can think of no reason to justify such a distinction.

It follows that Rule 37, as consistently interpreted by the Supreme Court of Arkansas, contains a three-year limitations period applicable to all petitions for post-conviction relief; that this period was applied in Williams's case in a consistent and evenhanded manner; that Williams has shown no cause for his failure to abide by state law in this respect; and that the District Court was therefore correct in dismissing his petition for habeas corpus on grounds of procedural default.

We are indebted to Williams's court-appointed counsel, both of them, for their diligent service on his behalf on this appeal. Counsel initially appointed had to withdraw because of new employment, and substitute counsel was required to appear at oral argument on short notice. Despite this difficulty, substitute counsel vigorously urged the difficulties in the interpretation of Rule 37 which we have discussed, and we appreciate his services to us and to his client.

Affirmed.