Kenneth FLETCHER *v.* STATE of Arkansas

CR 93-562                                884 S.W.2d 623

Supreme Court of Arkansas
Opinion delivered October 17, 1994

*Lea Ellen Fowler O'Kelly*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. Appellant Kenneth Fletcher filed a notice of appeal from the trial court's refusal to grant his motion to dismiss an information filed in Lonoke County Circuit Court charging him with four counts of incest on the grounds of former jeopardy. He specifically invokes the province of this court by stating in the jurisdictional statement of his brief that "the relief sought by appellant is in the nature of prohibition because of former jeopardy and prohibition is the remedy within the sole jurisdiction of the Arkansas Supreme Court, pursuant to Rule 1-2(a)(6)."

■ Prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction. *Leach* v. *State*, 303 Ark. 309, 796 S.W.2d 837 (1990).

■ The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton* v. *Maryland*, 359 U.S. 784 (1969). However, where there is no threat of either multiple punishment or successive prosecutions, the double-jeopardy clause is not offended. *United States* v. *Wilson*, 420 U.S. 332 (1975).

Fletcher argues that collateral estoppel should also bar relitigation between the parties on issues actually determined in a previous trial. In the landmark decision of *Ashe* v. *Swenson*, 397 U.S. 436 (1970), the United States Supreme Court accorded collateral estoppel constitutional dimensions by incorporating it into the Fifth Amendment bar against double jeopardy.

Using these standards, this court must analyze the circumstances surrounding the previous trial and the court's rulings to determine whether or not prohibition should lie.

Fletcher was charged by amended felony information in Pulaski County Circuit Court with one count of incest and one count of rape perpetrated against his adopted daughter, with whom he had lived in both Pulaski and Lonoke Counties. Specifically, the information alleging incest, filed on January 8, 1992, stated, in part:

> Mark Stodola, Prosecuting Attorney of the Sixth Trial District of Arkansas, in the name, by the authority, and on behalf of the State of Arkansas charges KENNETH LOWE FLETCHER, with the crime of violating Ark. Code Ann. 5-26-202 INCEST committed as follows, to-wit: The said defendant(s), in Pulaski County, over a period of time, from on or about May 12, 1985, through on or about December 31, 1989, unlawfully, feloniously, being sixteen (16) years of age or older, he did have sexual intercourse or engage in deviate sexual activity with . . . a person he knew to be his adopted child, against the peace and dignity of the State of Arkansas.

On February 10, 1992, Fletcher entered a plea of guilty to this charge and was sentenced on March 13, 1992, to ten years in the Arkansas Department of Correction. The record before us is silent as to the count of rape, which was also charged in the same information.

One month later, on April 13, 1992, Fletcher was charged in Lonoke County Circuit Court with four counts of incest. The information states that:

> I, Will Feland, Prosecuting Attorney within and for the Seventeenth West Judicial Circuit of the State of Arkansas, of which Lonoke County is a part, in the name and by the authority of the State of Arkansas, on oath, accuse the defendant of the crime of INCEST (4 CTS), committed as follows: The said defendant on or about May 12, May 26, June 27, and November 19, of 1989:

> engage[d] in sexual intercourse with, or engage[d] in deviate sexual activity with a person he knew to be his adopted daughter . . . in violation of AR Code Ann. 5-26-202, a Class C Felony,

> against the peace and dignity of the State of Arkansas.

According to the affidavit for warrant for Fletcher's arrest, the facts constituting reasonable cause are that, on the four specific dates listed in the information, Fletcher had sexual intercourse with his adopted daughter and videotaped these acts from a closet in his bedroom without her knowledge or permission. The affidavit specifies that these alleged sexual acts occurred in Lonoke County.

Fletcher subsequently filed a motion to dismiss the Lonoke County information, stating that the trial of these matters was barred by former jeopardy based upon his previous plea of guilty in Pulaski County for acts that occurred in the same time period. At the hearing on his motion, Fletcher explained that when he pleaded guilty to the charge in Pulaski County, the State "had alleged to me that any conduct in Cabot was considered as part of what had begun in Pulaski County" and "it was my understanding that I was pleading to all of the conduct up to when [my adopted daughter] moved out of my home in November of

1989." The State did not take issue with this testimony.

After considering the arguments and briefs of the parties, the Lonoke County Circuit Court denied Fletcher's motion to dismiss the information, explaining that:

> The Court, on this 22nd day of February, 1993, after considering the arguments and briefs of the above parties, does hereby deny the Defendant's Motion to Dismiss based upon the following:
>
> 1. That the charge against Defendant cannot be defined as a continuing course of conduct because each act occurred as the result of a separate impulse;
>
> 2. Neither the elements of the offense nor the acts 'requisite to the consummation of the offense' occurred partly in both counties, but were complete in themselves;
>
> 3. Since each act is a separate occurrence, then the Pulaski County Court did not have jurisdiction over the acts which occurred in Lonoke County;
>
> 4. Therefore, pursuant to Arkansas Code Annotated 5-1-115(1), the former prosecution in Pulaski County is not a bar to prosecution within Lonoke County.
>
> THEREFORE, the Defendant's Motion to Dismiss is hereby denied.

Based on our review of these facts and the court's findings, we cannot say that the trial court erroneously exercised its jurisdiction in making a finding. *Leach* v. *State, supra.* Because prohibition is a remedy of sufferance rather than of right, only when it is entirely clear that the court below is exceeding its jurisdiction will we grant it. For this reason, we deny the appellant's request for a writ of prohibition without prejudice and without taking a position on the issues of double jeopardy and collateral estoppel.