William Francis BOWEN *v.* STATE of Arkansas

CR 93-1003                                                913 S.W.2d 304

Supreme Court of Arkansas
Opinion delivered January 29, 1996

*Simes & Simes*, by: *L.T. Simes II* and *Charlotta Norby*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen., Senior Appellate Advocate, for appellee.

PER CURIAM. William Francis Bowen was convicted of capital murder and sentenced to death. In *Bowen v. State*, 322 Ark. 483, 911 S.W.2d 555 (1995), we affirmed the conviction but reversed the sentence and remanded the case to the Circuit Court for resentencing. Mr. Bowen has filed a motion for clarification with respect to a conflict that arises within A.R.Cr.P. 37

in cases where only the sentence is reversed by the appellate court. The present form of the rule does not provide guidance as to proper timing for filing a petition for post-conviction relief after remand to a circuit court for resentencing.

Rule 37.1 limits the scope of post-conviction relief to those petitioners who are "under sentence of a circuit court," while Rule 37.2(c) provides that, if an appeal is taken, the limitation on filing post-conviction petitions is 60 days from the date the mandate was issued by the appellate court. The conflict arises in cases such as Mr. Bowen's, where, after an appeal that results in a reversal of only the sentence, the petitioner is no longer "under sentence of a circuit court," but must act within 60 days of the mandate or lose his right to post-conviction relief.

We amend Rule 37.2(c) this date to provide appropriate limitations for seeking post-conviction relief after action by the circuit court upon remand. The revised rule applies to Mr. Bowen's case.

Mr. Bowen has asked that our mandate affirming his conviction be stayed pending action by the United States Supreme Court on a petition for *certiorari* he proposes to file in the event his petition for rehearing in this Court is denied. Mr. Bowen's petition for rehearing was denied on January 8, 1996. Although there is no showing that Mr. Bowen has ordered the record from the Office of the Clerk for the purpose of pursuing relief from the United States Supreme Court, *see* Arkansas Supreme Court Rule 5-3(c), the State has declared in its response that it has no objection to the granting of the motion to stay the mandate, so it is granted.