Terry Lynn CARROLL *v.* STATE of Arkansas

CR 96-770                                          923 S.W.2d 872

Supreme Court of Arkansas
Opinion delivered July 5, 1996
Dissenting Opinion delivered July 5, 1996

*William R. Simpson, Jr.,* Public Defender, by: *Bret Qualls,* for petitioner.

*Winston Bryant,* Att'y Gen., by: *Clint Miller,* Deputy Att'y Gen., Sr. Appellate Advocate, for respondent.

GLAZE and ROAF, JJ., would deny.

DUDLEY, J., not participating.

TOM GLAZE, Justice, dissenting. This court has authority to stay proceedings pending an appeal, *Bowen* v. *State,* 323 Ark. 233, 913 S.W.2d 304 (1996); *Clark* v. *State,* 308 Ark. 453, 824 S.W.2d 345 (1992), and certainly it has done so when a meritorious reason has been shown. In the present case, petitioner Terry Carroll requests this court issue a writ of prohibition, to order the trial court to desist from proceeding with his trial scheduled to begin on July 8, 1996. Carroll's request is assertedly made so that this court might consider his interlocutory appeal from the trial judge's denial of his motion to transfer to juvenile court. From my review of the record, Carroll's writ (or stay) request has no merit and should be denied.

On July 5, 1995, Carroll was charged by information with three counts of capital murder and one count of attempted capital murder. Carroll, along with three others, allegedly participated in the execution-style murder of three children and attempted murder of another on June 4, 1995. At the time of the murder, Carroll was 16 years old.

To support his petition for issuance of a writ of prohibition, Carroll cites *Hamilton* v. *State,* 320 Ark. 346, 896 S.W.2d 877

(1995), where this court held appeals from motions to transfer to juvenile court are to be interlocutory, and any appeal from such an order after a judgment of conviction in circuit court is untimely. This court, however, has held many times that prohibition is an extraordinary writ and is never issued to prohibit a trial court from erroneously exercising its jurisdiction, only where it is proposing to act in excess of its jurisdiction. *Fletcher* v. *State*, 318 Ark. 298, 884 S.W.2d 623 (1994). A circuit court and a juvenile court have concurrent jurisdiction and a prosecuting attorney may charge a juvenile in either court when a case involves a juvenile at least sixteen years old when he engages in conduct that, if committed by an adult, would be any felony. Ark. Code Ann. § 9-27-318(b)(1) (Supp. 1995). Here, the circuit court indisputably has jurisdiction to try Carroll on the four felony charges, so a writ of prohibition clearly does not lie against it.

Although Carroll was charged and counsel appointed almost a year ago on July 17, 1995, and he had filed other motions, he has waited until now to file his motion for transfer to juvenile court. After a hearing was held on the motion to transfer, the circuit court denied the motion, finding the charged offenses were serious and violent in nature. The order denying the transfer was entered on July 2, 1996.

Carroll's petition for writ of prohibition to this court fails to show that his interlocutory appeal has any merit. Carroll merely contends because he was aged sixteen at the time the offenses were committed, his case belongs in juvenile court. Carroll's bare contention is insufficient under the statute to support a transfer, and reflects little, if any, possibility of success on appeal.

The burden is on Carroll, as petitioner, to present a sufficient basis to support his petition and to show that his request to transfer to juvenile court has merit. *Butler* v. *State*, 324 Ark. 476, 922 S.W.2d 685 (1996). Carroll does not have an automatic right to a transfer to juvenile court, and this court should not stay proceedings without a show of merit.

For the foregoing reasons, I would treat Carroll's petition as one for stay of proceedings, and deny it.