Shawn O'BRIEN *v.* STATE of Arkansas

CR 98-921                                    974 S.W.2d 473

Supreme Court of Arkansas
Opinion delivered September 24, 1998

*L.D. Gibson*, for appellant.

No response.

PER CURIAM. L.D. Gibson filed a motion to be relieved of the circuit court's appointment as counsel to appellant, Shawn O'Brien, or, in the alternative, to be appointed by this court to represent appellant with his appeal to this court from a denial of his Rule 37 petition.

On January 6, 1998, a mandate affirming appellant's conviction was entered in the Arkansas Court of Appeals. This conviction was filed in Poinsett County Circuit Court on January 7, 1998. Appellant filed his petition for postconviction relief with the circuit court on April 28, 1998. On July 6, 1998, the circuit court denied appellant's petition based on its untimeliness. Appellant then filed a notice of appeal on July 24, 1998. Following appellant's notice of appeal, the circuit court appointed L.D. Gibson on July 28, 1998, to assist appellant in his appeal to this court.

█ The circuit court did not have authority to appoint Mr. Gibson as counsel to appellant on July 28, 1998. After the notice of appeal of an order denying Rule 37 relief has been filed, the supreme court shall have exclusive jurisdiction to relieve and appoint new counsel. Ark. R. App. P.—Crim. 16. Therefore, the circuit court lacked jurisdiction to appoint Mr. Gibson as counsel to appellant following the filing of his notice of appeal to this court.

■ Mr. Gibson requests, as an alternative to being relieved of his circuit court appointment as counsel to appellant, that this court appoint him to represent appellant in his petition to this court. In our consideration of this request, we note that appellant's filing of his petition for postconviction relief was untimely. A petition for postconviction relief must be filed within sixty days from the date of issuance of the mandate affirming the conviction. Ark. R. Crim. P. 37.2(c).

■ Postconviction proceedings are civil in nature; thus, there is no constitutional right to appointment of counsel as part of a criminal proceeding. *McCuen v. State*, 328 Ark. 46, 941 S.W.2d 397 (1997). Further, we will not appoint counsel to pursue the appeal of an untimely Rule 37 petition unless the petition states a ground sufficient to void the judgment. *Williams v. State*, 293 Ark. 73, 732 S.W.2d 456 (1987). A ground sufficient to void a conviction must be one so basic that the judgment is a complete nullity. *Id.*

Commencing January 1, 1991, appointment of counsel to pursue an untimely Rule 37 appeal was no longer provided for in our rules, and, therefore, Mr. Gibson's alternative motion for appointment by this court is denied.

■ Mr. Gibson has filed a second motion to request a delay in which to file appellant's brief. Because Mr. Gibson has not been validly appointed as counsel to appellant, his second motion for a delay in which to file appellant's brief is now moot.

Finally, we note that appellant filed his appellate brief with this court pro se on September 8, 1998.

■ Motion to be relieved of appointment granted, and motion for a delay to file appellant's brief moot.