# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1846

———————

Mark Kilmartin,         *
                                *

      Appellee,         *
                                *

      v.                *    Appeals from the United States
                                *    District Court for the Western

Mike Kemna & Jay Nixon,    *    District of Missouri
                                *

      Appellants.      *

———————

Submitted: April 12, 2001
Filed: June 14, 2001

———————

Before WOLLMAN, Chief Judge, LOKEN, Circuit Judge, and BOGUE,[1] District
    Judge.

———————

BOGUE, District Judge.

Mike Kemna and Jay Nixon (the "government") appeal from the district court's grant of habeas corpus relief to Mark Kilmartin. Kilmartin sought habeas relief after his April 14, 1994 Missouri state court conviction for four counts of witness tampering. Kilmartin is currently serving a life sentence for forcible sodomy. After being denied relief in both the Missouri Court of Appeals and the Missouri Supreme Court, Kilmartin

———————

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

sought habeas relief under 28 U.S.C.§2254 from the district court which was granted. Based upon the following, we reverse.

## I.

The district court granted habeas relief on the basis that three of the four witness tampering counts involved witnesses involved in Wisconsin proceedings. The district court held that the Missouri witness tampering statute required an official Missouri proceeding under state law. The witness tampering statue incorporates the definition of "official proceeding" as "...any cause, matter, or proceeding where the *laws of this state* require that evidence considered therein be under oath or affirmation." Mo. Rev. Stat. § 575.01.(6)  (emphasis added).

In both his state court direct appeals and his Petition for Habeas Corpus, Kilmartin argued that there was insufficient evidence to support his conviction. Only in his traverse brief, the argument was raised that the Wisconsin proceedings did not constitute an "official proceeding" under the Missouri statute. Despite the delay in presenting this argument, the district court found that Kilmartin was actually innocent of the charged offenses because it was impossible for a jury to find all the offense elements satisfied. This Court will not reach the merits of the distinction between Wisconsin and Missouri proceedings because the threshold issue of claim preservation must be addressed.

## II.

"A petitioner must present 'both the factual and legal premises' of his claims to the state courts in order to preserve them for federal habeas review." Flieger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994), cert. denied, 115 S.Ct. 355 (1994), (citing Cox v. Lockhart, 970 F.2d 448, 454 (8th Cir.1992)).  "The rule that certain state-court procedural defaults will bar a petition for federal habeas corpus extends to procedural

defaults occurring in the course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts." <u>Williams v. Lockhart</u>, 873 F.2d 1129, 1130 (8th Cir. 1989).

An appellant is required to show cause for the procedural default in order to preserve review. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977). Kilmartin has made no such showing. The general claims of insufficient evidence are not adequate to preserve review on the precise grounds that it was impossible under state law to find interference with an official proceeding. Since the district court based its decision to grant habeas relief solely upon the 'official proceeding' the grant cannot survive because the district court lacked jurisdiction to review that issue.

Accordingly, we reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.