Artie JACKSON *v.* STATE of Arkansas

CR 06-842                                      252 S.W.3d 133

Supreme Court of Arkansas
Opinion delivered March 8, 2007

*Jeff Rosenzweig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

PER CURIAM. Appellant Artie Jackson was found guilty by a jury of sexual abuse in the first degree and sexual abuse in the second degree and sentenced to a term of 120 months' imprisonment. We affirmed. *Jackson v. State*, 368 Ark. 610, 249 S.W.3d 127 (2007). Appellant now asks that the mandate be stayed so that he may proceed with a petition for writ of certiorari in the United States Supreme Court.

The motion is founded on appellant's desire to proceed in the trial court with a timely petition pursuant to Criminal Procedure Rule 37.1 at a later date if need be. Once a judgment of conviction is affirmed on direct appeal and the mandate has been issued, the petitioner must file his Rule 37.1 petition in the trial court within sixty days of the date the mandate issued. Ark. R. Crim. P. 37.2(c). Filing the petition within the sixty-day period is a jurisdictional requirement, and the circuit court may not grant relief on an untimely petition. *Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

The rule does not specifically prohibit a petitioner from filing a Rule 37.1 petition in the trial court while at the same time proceeding in the Supreme Court with a petition for writ of certiorari, and staying the mandate so that a petitioner may first proceed in the higher court is entirely discretionary with this court. The State in the instant case objects to issuing a stay on the ground that it will result in an unnecessary delay.

In the interest of the orderly administration of justice, this court has been amenable to staying, or in some instances recalling, the mandate in criminal cases where the appellant desires

to proceed first in the United States Supreme Court and then in the trial court with a Rule 37.1 petition. *E.g., Springs v. State*, 368 Ark. 256, 244 S.W.3d 683 (2007); *Kemp v. State*, 326 Ark. 910, 934 S.W.2d 526 (1996); *Bowen v. State*, 323 Ark. 233, 913 S.W.2d 304 (1996) (per curiam). The decision to stay a mandate is made on a case-by-case basis, and we have declined to recall the mandate in some cases. *E.g., Coulter v. State*, 365 Ark. 262, 227 S.W.3d 904 (2006); *Echols v. State*, 360 Ark. 332, 201 S.W.3d 890 (2005); *Engram v. State,* 360 Ark. 160, 200 S.W.3d 367 (2004).

In the instant case, as the State has not established that there has been any deliberate or unreasonable delay by the appellant in this case, that the issues appellant desires to raise in the petition are not cognizable in a petition for writ of certiorari to the United States Supreme Court, or that there is some other good cause to deny the motion, the request to stay the mandate is granted.

Motion granted.

IMBER, J., not participating.