SLIP OPINION

# SUPREME COURT OF ARKANSAS

**No.** CR-13-544

| | | |
|---|---|---|
| TERRICK NOONER | APPELLANT | **Opinion Delivered** September 5, 2013 |
| v. | | PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL, FOR EXTRAORDINARY WRITS AND EXPEDITED CONSIDERATION AND TEMPORARY RELIEF, FOR WRIT OF CERTIORARI, AND FOR SANCTIONS [SALINE COUNTY CIRCUIT COURT, 63CR-93-133, HON. GRISHAM PHILLIPS, JUDGE] |
| STATE OF ARKANSAS | APPELLEE | |
| | | APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

In 1993, appellant Terrick Nooner was found guilty by a jury of aggravated robbery and sentenced to life imprisonment. We affirmed. *Nooner v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995). The mandate in the case was issued in 1995.

On March 25, 2013, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (1993). The trial court denied the petition, and appellant has lodged an appeal in this court from the order. Now before us are appellant's motions for appointment of counsel, for extraordinary writs and expedited consideration and temporary relief, for writ of certiorari, and for sanctions to be imposed.

As it is clear from the record that appellant could not prevail if the appeal were permitted to go forward, the appeal is dismissed, and the motions are moot. An appeal from an order that

denied a petition for postconviction relief will not be permitted to proceed where it is clear that the appellant could not prevail. *Burks v. State*, 2013 Ark. 198 (per curiam); *Davis v. State*, 2013 Ark. 118 (per curiam).

The trial court did not err in holding that the Rule 37.1 petition filed by appellant in 2013 was untimely. When a judgment is affirmed on appeal, and the mandate is issued, a petitioner under the Rule is required, pursuant to Arkansas Rule of Criminal Procedure 37.2(c)(ii), to file his or her petition with the clerk of the trial court within sixty days of the date that the mandate was issued. *See Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989). Appellant's petition was filed approximately eighteen years after the mandate was issued in his case. Accordingly, he did not timely file his petition, and it was subject to dismissal on that basis.

Time limitations imposed in Rule 37.2(c) for filing a petition are jurisdictional in nature. *Murphy v. State*, 2013 Ark. 243 (per curiam); *O'Brien v. State*, 339 Ark. 138, 3 S.W.3d 332 (1999); *see also Maxwell*, 298 Ark. 329, 767 S.W.2d 303. If the time limitations are not met, a trial court lacks jurisdiction to consider a Rule 37.1 petition. *Holliday v. State*, 2013 Ark. 47 (per curiam). Where the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction. *Holliday*, 2013 Ark. 47 (citing *Winnett v. State*, 2012 Ark. 404 (per curiam)); *see also Clark v. State*, 362 Ark. 545, 210 S.W.3d 59 (2005) (citing *Priest v. Polk*, 322 Ark. 673, 912 S.W.2d 902 (1995)).

Appeal dismissed; motions moot.

*Terrick Nooner*, pro se appellant.

No response.

2