# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                      |     |                      |
|----------------------|-----|----------------------|
| STATE OF DELAWARE    | )   |                      |
|                      | )   |                      |
| v.                   | )   | I.D. No. 1603016304  |
|                      | )   |                      |
|                      | )   |                      |
| KERRU CARTER,        | )   |                      |
|                      | )   |                      |
| Defendant.           | )   |                      |

Submitted: May 2, 2017
Decided: July 5, 2017

## ORDER

### *Upon Defendant's Motion for Postconviction Relief*
### SUMMARILY DISMISSED

Upon consideration of the Motion for Postconviction Relief ("PCR Motion") filed by Defendant Kerru Carter ("Defendant"); Superior Court Criminal Rule 61 ("Rule 61"); the facts and arguments set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On March 1, 2016, the Wilmington Police Department responded to a shooting on the 2900 block of N. Jessup Street in Wilmington, Delaware. Upon arriving at the scene, officers discovered a victim with multiple gunshot wounds to the abdomen and back. Officers eventually uncovered surveillance footage depicting Defendant shooting the victim at close range with a handgun. On March 22, 2016, Defendant was arrested. At the time of Defendant's arrest, Defendant was on probation for prior criminal convictions.

1

2. A Grand Jury charged Defendant with multiple felony offenses, including Attempted Murder First Degree; Robbery First Degree; Possession of a Firearm During Commission of a Felony; Conspiracy Second Degree; Possession of a Firearm by a Person Prohibited; and Criminal Mischief. Defendant was appointed counsel to represent him ("Defense Counsel").

3. On November 21, 2016, Defendant appeared before the Court and pleaded guilty to Robbery First Degree; Conspiracy Second Degree; Assault First Degree; and Possession of a Firearm During Commission of a Felony. In exchange for Defendant's guilty plea, the State agreed to dismiss the remaining felony charges against Defendant.

4. On March 24, 2017, the Court sentenced Defendant consistent with Defendant's plea agreement. As to Robbery First Degree, 8 years at Level V, suspended after 3 years at Level V for decreasing levels of supervision. As to Conspiracy Second Degree, 60 days at Level V with no probation to follow. As to Assault First Degree, 7 years at Level V, suspended after 2 years at Level V for 2 years at Level III. As to Possession of a Firearm During Commission of a Felony, 5 years at Level V with no probation to follow.

5. On May 1, 2017, Defendant filed the Motion for Postconviction Relief ("PCR Motion") that is currently before the Court. Defendant asserts that (1) Defense Counsel coerced Defendant into accepting a guilty plea; and (2) Defense

Counsel provided ineffective assistance of counsel by convincing Defendant to plead guilty despite physical evidence indicating Defendant's innocence.

6. Defendant filed the PCR Motion on May 1, 2017. Accordingly, the current version of Rule 61 applies.[1] Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final."[2] To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before addressing the merits of the motion.[3]

7. Rule 61(i)(1) bars a motion for postconviction relief that is filed more than one year from a final judgment of conviction.[4] This bar is inapplicable, as Defendant's PCR Motion is timely. Rule 61(i)(2) bars successive motions for postconviction relief.[5] This bar is inapplicable, as this is Defendant's first motion for postconviction relief. Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and

---

[1] *See Washington v. State*, 2014 WL 4243590, at *2 (Del. Aug. 26, 2014) (applying the version of Rule 61 in effect when defendant originally filed his postconviction motion).
[2] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990).
[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[4] Super. Ct. Crim. R. 61(i)(1).
[5] Super. Ct. Crim. R. 61(i)(2).

prejudice from a violation of the movant's rights.[6] Moreover, Rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[7] Rule 61(i)(3) and 61(i)(4) are inapplicable because Defendant's claims for ineffective assistance of counsel could not have been raised on direct appeal.[8]

8. The procedural requirements of Rule 61(i) are satisfied. Accordingly, the Court will address Defendant's PCR Motion on the merits.

9. The standard used to evaluate claims of ineffective assistance is the two-prong test articulated by the United States Supreme Court in *Strickland v. Washington*,[9] as adopted in Delaware.[10] Under *Strickland*, Defendant must show that (1) Defense Counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for Defense Counsel's unprofessional errors, the result of the proceeding would have been

---

[6] Super. Ct. Crim. R. 61(i)(3).
[7] Super. Ct. Crim. R. 61(i)(4).
[8] *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[9] 466 U.S. 668 (1984).
[10] *Albury v. State*, 551 A.2d 53 (Del. 1988).

4

different.[11] Failure to prove either prong will render Defendant's claim insufficient.[12]

10.   The Court shall dismiss entirely conclusory allegations of ineffective assistance.[13] The movant must provide concrete allegations of prejudice, including specifying the nature of the prejudice and the adverse affects actually suffered.[14] Moreover, the movant must overcome the strong presumption that counsel's conduct was professionally reasonable.[15] Defendant must assert specific allegations establishing that Defense Counsel acted unreasonably as viewed against "prevailing professional norms."[16]

11.   Pursuant to Rule 11(c)(1) of the Superior Court Criminal Rules, the Court addressed Defendant personally in open court when Defendant entered his guilty plea. The Court determined that Defendant understood the nature of the charges to which the plea was offered, including the mandatory minimum and maximum penalties provided by law. Defendant confirmed that his plea was voluntary, and not the result of force, threats, or promises apart from the plea

---

[11] *Strickland*, 466 U.S. at 687.

[12] *Id.* at 688; *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996).

[13] *Younger*, 580 A.2d at 555; *Jordan v. State*, 1994 WL 466142, at *1 (Del. Aug. 25, 1994).

[14] *Strickland*, 466 U.S. at 692; *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996) ("Mere allegations of ineffectiveness will not suffice.").

[15] *Strickland*, 466 U.S. at 687–88.

[16] *Id.* at 688.

agreement.[17] Defendant acknowledged to the Court that he discussed his case fully with Defense Counsel and was satisfied with Defense Counsel's representation.[18] Ultimately, the Court sentenced Defendant consistent with Defendant's plea agreement, and Defendant received a benefit from accepting the offer in light of his serious additional pending felony charges.

12. A defendant's statements to the Court during a plea colloquy are presumed to be truthful,[19] and pose a "formidable barrier in any subsequent collateral proceedings."[20] It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea For m.[21] A knowing and voluntary guilty plea waives any objection to

---

[17] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[18] *See id.*

[19] *Id.* (citing *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989)).

[20] *Somerville*, 703 A.2d at 632 (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)).

[21] *Colburn v. State*, 2016 WL 5845778, at *2 (Del. Oct. 5, 2016) (citing *Somerville*, 703 A.2d at 632); *Harmon v. State*, 2016 WL 4710006, at *3 (Del. Sept. 8, 2016); *Grayson v. State*, 2016 WL 2935027, at *3 (Del. May 16, 2016); *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016).

alleged errors and defects that occur before entry of the plea,[22] even those of a constitutional dimension.[23]

13.    The record does not contain clear and convincing evidence that Defense Counsel coerced Defendant into pleading guilty by misrepresenting the strength or weakness of Defendant's case. To the contrary, this Court finds sufficient evidence on the record for the State to have established Defendant's guilt beyond a reasonable doubt. Furthermore, the record does not indicate that Defense Counsel failed to pursue potentially viable strategies or evidentiary challenges on Defendant's behalf. The PCR Motion does not identify the physical evidence that indicates Defendant's innocence, and does not state with particularity the prejudice suffered by Defendant as a result of pleading guilty.

14.    Defendant's allegations of ineffective assistance are conclusory and lack specific factual support or citation to the record. Accordingly, the PCR Motion fails to overcome the formidable barrier of Defendant's statements during his guilty plea colloquy and on the Truth-in-Sentencing Guilty Plea Form, and fails to set forth a viable claim for ineffective assistance of counsel under the *Strickland*

---

[22] *Muldrow v. State*, 2016 WL 4446610, at *2 (Del. Aug. 23, 2016); *Hobbs v. State*, 2016 WL 3751838, at *2 (Del. July 5, 2016); *Foote v. State*, 2012 WL 562791, at *1 (Del. Feb. 21, 2012); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003); *Downer v. State*, 543 A.2d 309, 312 (Del. 1988).

[23] *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015); *Wilson v. State*, 2010 WL 572114 (Del. Feb. 18, 2010); *Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973)).

7

standard.

NOW, THEREFORE, this 5th day of July, 2017, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.

IT IS SO ORDERED.

_____
The Honorable Andrea L. Rocanelli

8