**Steven Wayne BRAMLETT, Appellant,**

v.

**A.L. LOCKHART, Director Arkansas Department of Correction, Appellee.**

No. 88–2409.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1989.

Decided June 1, 1989.

Harry Truman Moore, Paragould, Ark., for appellant.

William F. Knight, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before BOWMAN and WOLLMAN, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Steven Wayne Bramlett, an Arkansas inmate, appeals pro se from the district court's[1] order adopting the findings and recommendations of the magistrate,[2] denying his petition after an evidentiary hearing for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reversal, Bramlett argues (1) his confession and guilty plea were involuntary, and (2) he received ineffective assistance of counsel. We affirm.

Bramlett pleaded guilty to attempted capital murder in connection with a robbery of a convenience store and subsequent rape and shooting of the store clerk. Police traced the car used in the robbery to Bramlett's roommate who told officers that Bramlett used the car on the night in question. Bramlett matched the physical description of the suspect. The gun used was found in a search of the automobile. Bramlett was read his *Miranda* rights in his apartment on August 31, 1978, at approximately 10:35 a.m. Bramlett was placed in jail at 11:00 a.m., executed a rights form and was questioned, but interrogation ceased when he requested an attorney. At 2:10 p.m., Bramlett asked to speak to Officer McMillen, and after being read his *Miranda* rights for a third time, Bramlett confessed to the crime.

Bramlett initially entered a plea of not guilty. Counsel was appointed for Bramlett in January 1979 and a plea hearing was held in October 1979. In the interim, appointed counsel had Bramlett evaluated by a private psychiatrist. He was also evaluated by a psychologist at a state hospital by order of court. An insanity defense was not asserted.

At his plea hearing, Bramlett, then eighteen years of age, indicated he understood the charges against him, and that the maximum sentence that could be imposed was life imprisonment. He stated that his statement to officers was made after he had been advised of his rights, that there

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. The Honorable Henry L. Jones, Jr., United States Magistrate for the Eastern District of Arkansas.

had been no threats or undue influence, and that he had been told he was entitled to an attorney. He stated that he was not under the influence of any medication or drugs, that he had no questions to ask about the proceedings, and knew of no reason why the court should not accept his guilty plea. Bramlett entered a plea of guilty to a charge of attempted capital murder upon counsel's advice and in connection with the state's agreement not to try him on charges of rape, kidnapping, and robbery. The county circuit court sentenced him to life imprisonment. Bramlett's petition for state postconviction relief was denied by the district court after an evidentiary hearing and affirmed on appeal. *Bramlett v. State,* 284 Ark. 114, 679 S.W.2d 209 (1984). The state court found Bramlett's arguments regarding the voluntariness of his guilty plea and competence of his counsel to be without merit. *Id.* at 115–16, 679 S.W.2d at 210.

Bramlett then filed a pro se petition for habeas relief pursuant to 28 U.S.C. § 2254. After appointment of counsel another petition and amended petition were filed alleging: (1) ineffective assistance of counsel; (2) an involuntary guilty plea; (3) that his conviction was obtained by the use of an unlawfully induced confession; and (4) that his conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure. The petition also alleged that but for counsel's error, Bramlett would have stood upon his plea of not guilty entered on September 11, 1978, and insisted on trial by jury. The fourth ground for relief was withdrawn at the evidentiary hearing before the magistrate.

The magistrate found that counsel's representation clearly did not fall below an objective standard of reasonableness, especially considering the overwhelming evidence of guilt.

> The uncontested evidence and testimony is that the victim was absolutely certain that petitioner was her attacker; that counsel had access to all of the state's

evidence and reviewed that evidence; that petitioner never denied committing the crime and, in fact, outlined facts to his attorney that closely paralleled those in his confession and the statements of the victim; that the petitioner also confessed to his girlfriend; that the state could link petitioner to the crime through the automobile he used during the commission of the crime; and that the gun used was found in that automobile.

Proposed Findings and Recommendations at 6. The magistrate examined the transcript of the plea and sentencing, and finding no doubt that Bramlett's plea was voluntarily and knowingly made, denied the petition. The district court adopted the findings and recommendations in their entirety. Bramlett appeals.

Bramlett first argues that his confession was not voluntary. Whether the challenged confession was obtained in a manner compatible with constitutional requirements is a matter for independent federal determination, *Miller v. Fenton,* 474 U.S. 104, 110, 106 S.Ct. 445, 450, 88 L.Ed.2d 405 (1985). We employ a flexible totality of the circumstances approach, *United States v. Wilson,* 787 F.2d 375, 381 (8th Cir.), *cert. denied,* 479 U.S. 857, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986), taking into account such factors as the age of the accused, the length of detention, and the repeated and prolonged nature of the questioning. *Hall v. Wolff,* 539 F.2d 1146, 1150–1151 (8th Cir.1976). On collateral review, the burden of proving involuntariness lies with the habeas petitioner. *Sumpter v. Nix,* 863 F.2d 563, 565 (8th Cir.1988).

 While in custody Bramlett (then age seventeen with an eleventh grade education) had requested counsel. All questioning ceased. A few hours later, upon indicating he wanted to make a statement, Bramlett was again given his *Miranda* rights before his full confession. In these circumstances, the confession was admissible.[3]

---

**3.** The confession was made in 1979. Lockhart correctly notes that *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (further interrogation not allowed unless coun-

sel made available upon request) does not apply retroactively, on collateral attack. *See Solem v. Stumes,* 465 U.S. 638, 643, 104 S.Ct. 1338, 1341–42, 79 L.Ed.2d 579 (1984).

■ Bramlett also challenges the voluntariness of his guilty plea. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart, supra,* 474 U.S. at 58, 106 S.Ct. at 370. A habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, petitioner would have insisted on going to trial rather than pleading guilty. *Id.* at 56–60, 106 S.Ct. at 369–371. As part of his representation, an attorney must make reasonable investigations or make reasonable decisions to forego particular investigations. *Strickland v. Washington, supra,* 466 U.S. at 691, 104 S.Ct. at 2066. The defendant bears the burden of proof, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. The standard of review is highly deferential. *Id.* Further, we accord state court factual findings a presumption of correctness, 28 U.S.C. § 2254(d), unless the petitioner establishes by convincing evidence that they are clearly erroneous. *Rowe v. Lockhart,* 736 F.2d 457, 460 (8th Cir.1984).

Bramlett specifically alleged in his amended petition that his counsel made no investigation, did not discuss defenses with him, and filed no motions for discovery or to suppress evidence. Counsel testified at the habeas hearing that he interviewed the victim in great detail and discovered that what she related to him was a carbon copy of the facts Bramlett had given him. Counsel also maintained telephonic communication with Bramlett's parents. Bramlett testified that he was not complaining about the fact that counsel did not file a pretrial motion for discovery, and admitted that counsel had received a bill of particulars. Bramlett's assertion of minimal attorney contact was contradicted by counsel's testimony that he had had a long discussion with Bramlett, had gathered a great deal of information from him, and had discussed defenses with him, which the magistrate was entitled to believe. Although it might have been advisable for Bramlett's attorney to have maintained more personal contact with him, we believe the district court correctly concluded that the attorney's investigation and preparation were adequate.

The magistrate found that an insanity defense was not supported by the evidence and that Bramlett had no standing to file a motion to suppress the gun, as his roommate had consented to the search of her car. Because we agree that Bramlett had no standing to file a motion to suppress, we affirm the magistrate's rejection of this ineffective assistance claim as well. *See Kellogg v. Scurr,* 741 F.2d 1099, 1104 (8th Cir.1984) (any prejudice resulting from counsel's alleged failure to file a motion to suppress is determined by likely success of motion).

■ With regard to his guilty plea itself, Bramlett argues that he was extremely scared and unaware of what was actually going to take place on the morning of the plea hearing. Bramlett's testimony at the plea hearing that he was not coerced to plead guilty, however, constitutes persuasive evidence of voluntariness, *see Harvey v. United States,* 850 F.2d 388, 397 (8th Cir.1988), which has not been overcome by his later allegations. The state court found that the trial judge carefully explained to Bramlett what a waiver of jury trial meant, that Bramlett clearly stated he understood, and that Bramlett was competently advised. No showing has been made that these findings are clearly erroneous.

The magistrate did not address the seemingly inconsistent responses Bramlett made on a plea questionnaire executed the day of the plea sentence hearing. The statement was signed by Bramlett (without being read) after the colloquy and plea had been accepted, and it contained some answers that were apparently recorded incorrectly.

We believe that the questionnaire is of little significance because again, while a guilty plea taken in open court is subject to collateral attack, "the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir.1985) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)).

As further evidence of ineffective assistance, Bramlett alleged that his attorney had led him to believe that the victim would testify on his behalf for "leniency" at his sentencing. Only one hour before the hearing did Bramlett learn that she would not be called to testify, but counsel advised to "proceed as planned." The magistrate rejected Bramlett's argument that even though the victim had indicated to counsel that she would *not* request leniency, counsel should have called her to testify because she could not have hurt his position. We cannot say that any prejudice has been shown under these circumstances.

Counsel testified that he learned the night before trial that the victim would not testify, giving as her reason that she had been threatened by the prosecutor or deputy.[4] Counsel immediately informed Bramlett's father who asked that Bramlett not be notified until morning. Because Bramlett was released on bond pending trial, counsel waited until the next morning to notify Bramlett. Moreover, Bramlett stated at his plea hearing that what the victim might or might not say was not a condition on his entering a plea, and admitted at his postconviction hearing that there was no guarantee or assurance that the victim would give a positive or friendly recommendation. Bramlett's counsel did present mitigating evidence at the plea hearing including a psychiatrist's favorable testimony and recommendation of one to two years incarceration.

Bramlett further stated that his father told him that in exchange for a guilty plea,

his attorney was working on a sentence of two to ten years. The magistrate held that such a claim did not establish ineffective assistance of counsel because Bramlett was aware that life imprisonment was a possible sentence. Bramlett indicated at his plea hearing that he had received no promises as to what his sentence might be, and also admitted at his postconviction hearing that he had no guarantees from his attorney as to sentencing. Moreover, counsel testified that he had told Bramlett that he would be fortunate if he received a sentence of less than thirty years imprisonment.

We have reviewed the designated record and the transcripts of the hearings. We conclude that Bramlett has not met the burden of proving that his counsel's conduct fell outside a wide range of reasonable professional assistance, that any prejudice resulted, or that his confession and guilty plea were involuntarily made.

Accordingly, we affirm the order of the district court denying the petition.

---

**4.** Counsel further testified that he fully informed the court of the threat off the record, and that the court discussed the matter with the

prosecutor and directed him to conduct an investigation.