5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Clayton Powell Burton, Appellant,
v.
United States of America, Appellee.
 No. 93-1665.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 25, 1993.
Filed: September 7, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Clayton Burton appeals the district court's[1] denial of his motion to vacate sentence under 28 U.S.C. Sec. 2255, claiming ineffective assistance of counsel. We affirm.
 
 
 2
 Burton was arrested in an extensive FBI investigation of black tar heroin distribution in Minneapolis. See United States v. Burton, No. 89-5470MN, slip. op. at 2 (8th Cir. Mar. 23, 1990) (unpublished per curiam). Under a plea agreement, Burton pleaded guilty to distribution of one gram of heroin, and the government agreed to dismiss the remaining counts against him. Id. at 3. The plea agreement also provided that the parties agreed on certain sentencing factors, including that the quantity of heroin involved in the offense was 220 grams and that Burton used a firearm in committing the offense.
 
 
 3
 The plea agreement was filed with the court at the guilty plea hearing. Burton pleaded guilty, and the court accepted his plea. At sentencing, the court adopted the calculations set forth in the plea agreement after considering the plea agreement, evidence introduced at related trials, the presentence report, and the magistrate judge's 100-page report regarding various pretrial motions. The court sentenced Burton to 70 months imprisonment, and three years supervised release. Burton appealed, and we affirmed, finding the district court's determination was "adequately supported by the stipulation in Burton's plea agreement about the quantity of drugs involved." Id. at 3-4.
 
 
 4
 Burton subsequently obtained new counsel and filed this section 2255 motion asking the court to vacate his sentence. As grounds for relief, he alleged his former counsel, Craig Cascarano, failed to advise him that, by signing the plea agreement he was conceding that he used a firearm to commit the offense and that the offense involved 220 grams of heroin. He alternatively argued Cascarano failed to advise the sentencing court that the plea agreement was not an admission, and he likely would have received a lower sentence had Cascarano so advised the court.
 
 
 5
 The district court denied the motion, stating that, even if Cascarano had informed the court of Burton's understanding of the plea agreement and objected to the court's determination of his offense level, the court still would have held that Burton's offense level was 26, based on his involvement with 220 grams of heroin and use of a firearm. The court stated it had based its conclusions on an FBI report and on facts heard during the trials of people Burton aided and abetted. Thus, Cascarano's actions had not prejudiced Burton's defense.
 
 
 6
 Proceeding pro se, Burton renews the same arguments on appeal. He also argues the district court erred by denying his section 2255 motion without conducting an evidentiary hearing.
 
 
 7
 Section 2255 provides, in part, that a court must hold an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Having reviewed the record, we conclude an evidentiary hearing was not necessary to decide this section 2255 motion.
 
 
 8
 In Lockhart v. Fretwell, 113 S. Ct. 838 (1993), the Supreme Court noted that, to establish an ineffective assistance claim, the defendant must show both deficient performance and prejudice. Id. at 842. We have already held that Burton is bound by his plea agreement to responsibility for 220 grams of heroin. Burton, slip op. at 4. The plea agreement clearly stated that "the parties have agreed on the following sentence factors," including the 220 grams of heroin and Burton's possession of the firearm. The parties and the court reviewed the agreement at Burton's plea hearing. We believe the district court properly considered the agreement as one factor in its determination. Because the "agreement" was an admission, and because the court at sentencing relied on other evidence as well, any failure by Cascarano to explain to the court Burton's understanding did not prejudice him.
 
 
 9
 As to Burton's claim that his counsel failed to explain to him the consequences of signing the agreement, we note that he bears the burden of overcoming "strong presumptions" of counsel's competence and of his "knowing, voluntary guilty plea." See United States v. Broce, 488 U.S. 563, 574 (1989); Bramlett v. Lockhart, 876 F.2d 644, 647 (8th Cir.), cert. denied, 493 U.S. 941 (1989). This is particularly true because Cascarano successfully negotiated the dismissal of counts carrying large mandatory sentences against Burton, and Burton testified he understood this at his plea hearing. Burton's allegations do not overcome these presumptions.
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota