## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1810000846 |
| | ) | |
| | ) | |
| YOSIAM MONTES- GALINDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: August 20, 2020
Decided: October 19, 2020

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Beth D. Savitz, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Yosiam Montes-Galindez, Newark, Delaware, *pro se*.

**MAYER,** Commissioner

1

This 19th day of October, 2020, upon consideration of Defendant's Motion for Postconviction Relief (the "Motion"), I hereby recommend as follows:

## BACKGROUND

On October 2, 2018, Yosiam Montes-Galindez ("Defendant") was arrested and charged with multiple drug dealing offenses. On March 14, 2019, Defendant entered into a Plea Agreement and executed a Truth-In-Sentencing Guilty Plea Form (the "TIS"). On that same date, the Court engaged in a Plea Colloquy. A Spanish speaking interpreter was present to assist the Court. Defendant was sentenced on July 12, 2019, at which time, an interpreter was again present.[1]

On November 25, 2019, Defendant filed a Motion for Postconviction Relief (the "Motion").[2] Defendant presents two arguments: (1) Trial Counsel was ineffective by advising Defendant to accept a plea involving the possibility of deportation; and (2) Defendant's due process rights were violated because he was sentenced under a Drug Dealing statute that references marijuana, but the drug at issue was heroin. Trial Counsel submitted an Affidavit[3] and the State filed a

---

[1] *See* State's Response at Exhibit C.

[2] D.I. # 11.

[3] D.I. # 25.

Response.[4] Briefing is now complete, and for the reasons set forth below, I recommend that the Court deny the Motion.

## DISCUSSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[5] Defendant filed his Motion within one year of the date of sentencing and the motion is timely.[6] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.

As an initial matter, Defendant did not previously challenge the drug dealing statute applicable to his conviction, and this claim is now barred.[7] Defendant also affirmatively relinquished his right to contest the State's evidence, and specifically

---

[4] D.I. # 27. Although Defendant was afforded an opportunity to file a reply brief, he did not do so.

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

[7] To avoid the procedural bar, Defendant was required to demonstrate that an external impediment prevented him from presenting the issue earlier and actual prejudice resulting from the alleged error. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990). Defendant's Motion does not present an exception to this bar.

3

waived any alleged errors or defects preceding entry of the plea, even those of constitutional dimensions.[8] Assuming arguendo that this claim was not waived, it is meritless. Defendant cites a statute that is not applicable to his case. Defendant plead guilty, by Attorney General Information, to a Class C felony, as a lesser included offense, pursuant to 16 Del. C. §4753(1) – Tier 2 (Heroin) with no aggravating factor.[9] Defendant's recitation of a statute referencing "marijuana" is misplaced.

To the extent Defendant presents a claim of ineffective assistance of counsel, this claim could not be raised at any earlier stage in the proceedings and is properly presented by way of a motion for postconviction relief.[10] In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[11]

---

[8] *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015).

[9] Defendant was originally charged under 16 Del. C. §4752(2) – Drug Dealing – Delivery/Possession with Intent to Deliver a Tier 2 amount with an aggravating factor, a Class B Felony.

[10] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[11] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

4

When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[12] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[14]

Defendant argues that Trial Counsel provided representation without the assistance of an interpreter, and Defendant therefore did not knowingly understand the terms and conditions of his plea, including the possibility of deportation. These arguments are belied by the record. The TIS included the following question: "[a]re you aware that conviction of a criminal offense may result in deportation/removal, exclusion from the United States, or denial of naturalization?" In response, Defendant answered, "yes." In addition, the Plea Agreement specifically stated that, "This Plea Offer does not resolve Federal Immigration issues or charges, if any."[15]

---

[12] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[13] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[14] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[15] This was also repeated in open court during the Plea Hearing, *See* Plea Transcript at p.4.

5

Prior to the Plea Hearing, the Court issued a Request for Interpreter Services, and a certified Spanish interpreter attended the hearing.[16] The Plea Transcript clearly identifies the Interpreter's participation in the proceedings. During the hearing, Trial Counsel represented that he had met with Defendant a "number of times" to discuss the case, and they were assisted by a court certified Spanish interpreter during that time.[17] In addition, a meeting was held on November 8, 2018 to discuss possible resolution of the case. The meeting included Defendant, Trial Counsel, the State, an ICE agent, and a Spanish-speaking interpreter.[18] A second meeting took place on November 13, 2018, again with the assistance of an interpreter. Trial Counsel also advised that the TIS Form was "read to him line by line by the court certified Spanish speaking interpreter."[19] Defendant understood "anything with respect to immigration, if there is any issue, is on his own accord," and the felony conviction would likely affect his citizenship.[20] When the Court addressed Defendant directly, he admitted he had the assistance of a Spanish interpreter when he reviewed the Plea Agreement and TIS, and then he admitted guilt to the charges. At no time during

---

[16] *See* D.I. # 6.

[17] Plea Tr. at p. 6. *See also* Affidavit at p. 2, attesting that "all meetings" were conducted with an interpreter present.

[18] *See* State's Response at p. 4.

[19] Plea Tr. at p. 7.

[20] Plea Tr. at pp. 7-8.

the Plea Hearing did Defendant raise any objections to the statements made by Trial Counsel.

There is no doubt that Defendant had a full and fair opportunity to understand the terms of his plea, and to review those issues with the assistance of both skilled counsel and an interpreter. A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful.[21] "Those contemporaneous representations by a defendant pose a "formidable barrier in any subsequent collateral proceedings."[22] After consideration of the entire record, it is evident that Trial Counsel fully utilized the services of an interpreter, consulted with Defendant about the plea, and Defendant understood that his plea could affect his citizenship and/or deportation. I can find no error by Trial Counsel.

Finally, Defendant is required to demonstrate specific prejudice as a result of Trial Counsel's alleged errors. Defendant does not assert that he had a viable defense to any of the charges. According to the State, "Defendant's drug dealing actions, and those of his codefendants, were observed directly by Cpl. Odom and were captured on video to be played to a jury had the case gone to trial and Defendant

---

[21] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997), citing *Davis v. State*, 1992 WL 401566 (Del. Dec. 7, 1992); *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989).

[22] *Id.*, citing *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (*quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

7

clearly benefited from his plea agreement."[23]  Defendant has not claimed that he would not have pleaded guilty and would have insisted on going to trial.  Therefore, Defendant has failed to meet either prong of a claim of ineffective assistance of counsel.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Katharine L. Mayer

oc:     Prothonotary
        Beth Savitz, Esquire
        Andrew J. Witherell, Esquire
        Yosiam Montes-Galindez

---

[23] State's Response at p. 10.

8