**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Cr. ID No.   1903006607 |
| | ) | |
| RONALD M. HOSTUTLER | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: December 16, 2020
Decided: January 6, 2021

**COMMISSIONER'S REPORT AND RECOMMENDATION
THAT DEFENDANT'S MOTION FOR POSTCONVICTION
RELIEF SHOULD BE DENIED**

Matthew C. Buckworth, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Ronald M. Hostutler, Howard R. Young Correctional Institution, Wilmington, DE, *pro se*

**MAYER,** Commissioner

This 6th day of January, 2021, upon consideration of Defendant's Motion for Postconviction Relief (the "Motion"), I hereby recommend as follows:

## BACKGROUND

On March 11, 2019, the police were called to the area of S. College Avenue due to a sedan striking a light pole. When the officer arrived, he observed a car bumper sitting on the sidewalk and Ronald Hostutler ("Defendant") behind the wheel of a Toyota Corolla approximately 20 feet away. The car was missing its front bumper and the left tire was flat. When the officer approached the vehicle, the keys were in the ignition, with the engine running. Defendant's eyes were blood shot and glassy and the officer smelled a strong odor of alcoholic beverages. Defendant exited the car, but was swaying and could not maintain his balance. The officer also observed a half empty bottle of Vodka on the floorboard near Defendant's feet. Defendant admitted to consuming two (2) shots of vodka prior to operating the vehicle. The officer then performed several sobriety field tests. Defendant continued to sway, lost balance, and was otherwise unable to successfully complete the physical test. Finally, Defendant's PBT produced a blood alcohol content reading of 0.192%. He was then transported to the police department and given another Intoxilyzer test that produced a reading of 0.162%.

On January 14, 2020, Defendant entered into a Plea Agreement whereby he agreed to plead guilty to the charge of Driving Under the Influence (5th Offense). As

2

part of the agreement, the State agreed to recommend 5 years at Level V, suspended after 18 months (the minimum, mandatory time) for 12 months at Level III. Defendant also acknowledged that he was subject to sentencing for a fifth offense because he was convicted of driving under the influence on four previous occasions. The dates of each offense were set forth in the agreement. On that same date, Defendant executed the Truth-in-Sentencing Guilty Plea Form (the "TIS"). Defendant affirmed that he was freely and voluntarily deciding to plead guilty, and that he was waiving his constitutional trial rights, including the right to be presumed innocent until the State can prove the charges, to question witnesses, present evidence in his defense, and to testify. Defendant again understood that the sentence would involve a minimum mandatory of 18 months at Level V.

The Court sentenced Defendant to 5 years at Level V, suspended after 18 months at Level V, followed by 1 year at Level III. Defendant did not file an appeal. On April 13, 2020, Defendant filed his first Motion for Postconviction Relief (the "Motion").[1] Defendant's Motion presents the following claims: (1) due to Covid-19 he is unable to participate in certain programs and he would like to be flowed to probation; (2) due to his incarceration he cannot collect disability to financially support his family; (3) he suffers from a back injury and other health concerns; and

_____

[1] D.I. # 14.

3

(4) his lawyer did not put any effort into his case. With respect to the fourth argument, Defendant states:

> I spoke to my lawyer about all of this in one way or another. I [accept] responsibility for my actions but I did express concern to my lawyer about my (blood alcohol content). I know it could not be what it was. I believe my P.D. lawyer is just collecting a paycheck and did not put any effort into my case but now that is water under the bridge! Thank you

The Court issued a Briefing Schedule and ordered Trial Counsel to submit an Affidavit responding to the fourth argument.[2] The Court also issued an Order referring the first three arguments to the sentencing judge to be considered as if the Motion had been filed pursuant to Superior Court Criminal Rule 35.[3] After reviewing the entire record in this matter, Defendant's Motion, and Trial Counsel's Affidavit, I recommend that the Motion be denied.

## DISCUSSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[4] Defendant filed his first Motion within one year of the date of sentencing and the motion is timely.[5] Pursuant

---

[2] In light of the arguments present, the record was expanded to include an Affidavit from Trial Counsel but further briefing was not deemed necessary. Super. Ct. Crim. R. 61(g)(1).

[3] D.I. # 19.

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

4

to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred. As an initial matter, Defendant did not previously challenge the blood alcohol content evidence and this claim is now barred.[6] Defendant also affirmatively relinquished his right to contest the State's evidence, and specifically waived any alleged errors or defects preceding entry of the plea, even those of constitutional dimensions.[7]

Defendant's fourth argument could be interpreted as presenting a claim of ineffective assistance of counsel. To the extent Defendant presents a claim of ineffective assistance of counsel, this claim could not be raised at any earlier stage in the proceedings and is properly presented by way of a motion for postconviction relief.[8] In order to prevail on an ineffective assistance of counsel claim, a defendant

---

[6] To avoid the procedural bar, Defendant was required to demonstrate that an external impediment prevented him from presenting the issue earlier and actual prejudice resulting from the alleged error. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990). Defendant's Motion does not present an exception to this bar.

[7] *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015).

[8] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[9] When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[10] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[11] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[12]

Prior to entering into the plea, the State provided discovery that included (1) Impaired Driving Report; (2) Uniform Collision Report; (3) Copy of Defendant's Intoxylizer Card; (4) Copy of Intoxylizer Calibration Records dated 2/25/29; and (5) Copy of Intoxylizer Calibration Records dated 4/8/19. Through Defendant's Motion, he admits he relapsed, that he is remorseful, and that it was his "fault for becoming too complacent in [his] sobriety." Trial Counsel affirmed that he reviewed

---

[9] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[10] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[11] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[12] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

the discovery with Defendant, the weight of the evidence, and that he found no irregularities in the reports to challenge. Defendant also admitted that he spoke to his lawyer about all of his complaints, and that he accepts responsibility for his actions. Defendant's entry into the plea, and execution of the TIS, demonstrates that Defendant knowingly, and intelligently, waived his right to contest the State's evidence, including the blood alcohol content. Furthermore, during the plea colloquy, Defendant confirmed his understanding that the minimum mandatory sentence was 18 months at Level V, he admitted he drove under the influence and that he was remorseful for his actions.[13] A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful.[14] "Those contemporaneous representations by a defendant pose a "formidable barrier in any subsequent collateral proceedings."[15]

Finally, the State's case was strong. Defendant was still behind the wheel of the vehicle, with the motor running, and the vehicle had clearly been in an accident. The officer not only saw a vodka bottle, and smelled alcohol, but Defendant failed the physical sobriety tests, tested high on the intoxilyzer and admitted to having had

---

[13] Plea Transcript at pgs. 5-7.

[14] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997), citing *Davis v. State*, 1992 WL 401566 (Del. Dec. 7, 1992); *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989).

[15] *Id.*, citing *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) (*quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

a few shots before operating the vehicle. After considering the State's evidence, and Defendant's repeated admissions, Defendant has not established that but for any alleged error of Trial Counsel, that he would have insisted on proceeding to trial, or prejudice as a result of counsel's actions.[16]

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

_____
Commissioner Katharine L. Mayer


oc:    Prothonotary
       Matthew C. Buckworth, Deputy Attorney General
       Timothy J. Weiler, Esquire
       Ronald M. Hostutler (SBI 00207238)

---

[16] Although Defendant's Motion presents a plea for leniency due to financial concerns, he was aware of these issues when he plead guilty. _See_ Plea Transcript at pgs 6-7.

8