# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1910001886 |
| | ) | |
| | ) | |
| LEWIS D. WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 7, 2021
Decided: April 14, 2021

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE DENIED

Anna E. Currier, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Lewis D. Willis, Howard R. Young Correctional Institution, Wilmington, DE, *pro se.*

**MAYER,** Commissioner

This 14th day of April, 2021, upon consideration of Defendant's Motion for Postconviction Relief (the "Motion"), I hereby recommend as follows:

## BACKGROUND

On March 2, 2020, effective December 26, 2019, the Court sentenced Defendant on two charges of Driving Under the Influence (5th Offense). On November 12, 2020, Defendant filed his first Motion for Postconviction Relief (the "Motion").[1] In summary, Defendant's Motion presents the following claims: (1) ineffective assistance of counsel – counsel failed to explain plea (the "First Argument"); (2) he has completed over half his sentence and would like to serve the rest of his sentence at Level IV; (3) Defendant is in need of back surgery; (4) Defendant has developed depression from his incarceration and health issues; (5) Defendant's housing puts him at risk of exposure to corona virus; and (6) Defendant would like to be flowed down to Level IV to address his medical needs.

On November 20, 2020, the Motion was referred to the undersigned to issue a Report and Recommendation pursuant to Superior Court Criminal Rule 61. After reviewing the Motion, the Court entered an Order referring the Motion back to the sentencing judge to consider all arguments, with the exception of the First Argument, as if they had been presented pursuant to Superior Court Criminal Rule 35.[2]

---

[1] D.I. # 15.

[2] *See* D.I. # 19 and *Pernot v. State*, 2020 WL 130242 (Del. Jan. 10, 2020), citing *Priest v. State*, 2015 WL 7424860 (Del. Nov. 20, 2015).

This Report and Recommendation will focus on Defendant's First Argument and his claim that he received ineffective assistance of counsel. This claim could not be raised at any earlier stage in the proceedings and is properly presented by way of a motion for postconviction relief.[3] However, after reviewing the entire record in this matter, Defendant's Motion, and Trial Counsel's Affidavit, I recommend that the Motion be denied.[4]

## DISCUSSION

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the motion.[5] Defendant filed his first Motion within one year of the date of sentencing and the motion is timely.[6] Pursuant to Super. Ct. Crim. R. 61(i)(3) and (4) though, any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal

---

[3] *Whittle v. State*, 2016 WL 2585904, at *3 (Del. Apr. 28, 2016); *State v. Evan-Mayes*, 2016 WL 4502303, at *2 (Del. Super. Aug. 25, 2016).

[4] Although not invited by the Court, Barbara Willis sent a letter advocating for Defendant. *See* D.I. # 24. The letter cites Defendant's multiple health issues. It also seems to claim that Defendant's belief that there was no video showing him taking the breathalyzer, and because the BAC was not brought to the attention of the Court, he is entitled to relief. To the extent these claims are validly presented, which they are not, they are addressed herein.

[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[6] Super. Ct. Crim. R. 61(m)(1) and Super. Ct. Crim. R. 61(i)(1).

habeas corpus proceeding, are thereafter barred.[7] Defendant's First Argument presenting a claim of ineffective assistance of counsel is not procedurally barred.

In order to prevail on an ineffective assistance of counsel claim, a defendant must show that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused the defendant actual prejudice.[8] When a defendant has pleaded guilty, he must show that counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial.[9] Defendant must also overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[10] Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[11]

---

[7] The Letter appears to raise issues with the breathalyzer. However, any such claims are procedurally barred due to his failure to raise these claims during the underlying proceedings or on appeal. In addition, pursuant to Docket No. 5, it is evident that the State provided the defense with discovery including Intoxylizer records. To avoid the procedural bar, Defendant was required to demonstrate that an external impediment prevented him from presenting the issue earlier and actual prejudice resulting from the alleged error. *Younger v. State*, 580 A.2d 552, 556 (Del. 1990). Defendant's Motion does not present an exception to this bar.

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

[9] *State v. Hess*, 2014 WL 6677714, at * 6 (Del. Super., Nov. 20, 2014) (citations omitted).

[10] *State v. Wright*, 653 A.2d 288, 293-94 (Del. Super. 1994) (citations omitted).

[11] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

A defendant's statements to the Court during the guilty plea colloquy are presumed to be truthful.[12]  "Those contemporaneous representations by a defendant pose a "formidable barrier in any subsequent collateral proceedings."[13]  During his plea hearing, Defendant was reminded of the minimum mandatory applicable to each of the offenses, that his counsel had reviewed the factual allegations underlying the charges with him, he confirmed that nothing was missing from the Plea Agreement and that he had reviewed the waiver of his constitutional rights set forth in the Truth-in-Sentencing Guilty Plea Form.[14] Defendant's plea constitutes an affirmative relinquishment of his right to contest the State's evidence, and a specific waiver of any alleged errors or defects preceding entry of the plea, even those of constitutional dimensions.[15]

Defendant's First Argument is vague and lacks any specificity regarding the alleged lack of advice.  In contrast, Trial Counsel affirms that he routinely reviews the Truth In Sentencing Guilty Plea Form "verbatim" before asking the client to sign the paperwork. Trial Counsel also attests that he discusses the paperwork in conversational terms and

---

[12]  *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997), citing *Davis v. State,* 1992 WL 401566 (Del. Dec. 7, 1992); *Bramlett v. A.L. Lockhart,* 876 F.2d 644, 648 (8th Cir. 1989).

[13]  *Id*., citing *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74 (1977)).

[14]  *See* Plea Trans. at pp. 5, 10-12.

[15]  *Mack v. State*, 2019 WL 7342514, at *2 (Del. Dec. 30, 2019) citing *Scarborough v. State*, 2015 WL 4606519, at *3 (Del. July 30, 2015); *Fonville v. State*, 2015 WL 5968251, at *2 (Del. Oct. 13, 2015).  To the extent the Letter submission presents any argument regarding the breathalyzer evidence, Defendant's right to contest the State's evidence was specifically waived with entry of the plea.

specifically asks if there are any questions. Trial Counsel will not proceed with a plea if there are any outstanding issues. The Plea Transcript, coupled with Trial Counsel's affirmations, clearly demonstrate that Defendant was aware of the waived rights at the time of his plea. Therefore, Defendant has not overcome the strong presumption in favor of effective counsel. Further, Defendant has not established that but for any alleged error of Trial Counsel, that he would have insisted on proceeding to trial, or prejudice as a result of counsel's actions.

For all the foregoing reasons, Defendant's Motion for Postconviction Relief should be DENIED.

**IT IS SO RECOMMENDED.**

**/s/ Katharine L. Mayer**
Commissioner Katharine L. Mayer


oc:  Prothonotary
     Anna E. Currier, Deputy Attorney General
     Lewis D. Willis, *pro se* (SBI # 192678)
     Ralph D. Wilkinson, Esquire