# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 2205009689 |
| | ) | |
| LARON PHILMORE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 24, 2023
Decided: July 31, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF

Mark Petrucci, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, Attorney for the State.

LaRon Philmore, Howard R. Young Correctional Institution, Wilmington, Delaware.

**O'CONNOR,** Commissioner

This 31st day of July, 2023, upon consideration of the Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

Defendant LaRon Philmore was arrested on May 20, 2022 and charged with Assault Second Degree in violation of 11 *Del. C.* § 612(a)(6). On June 10, 2022, the State filed an Information charging the Defendant for the same felony offense.[1] On June 15, 2022, after executing a waiver of Indictment,[2] the Defendant pled guilty to Assault Second Degree.[3] At that time, the Court deferred sentencing and ordered a Presentence Investigation Report ("PSI").[4]

In addition to ordering a PSI, on August 23, 2022, the Court ordered the Delaware Psychiatric Center ("DPC") to complete a psychological evaluation of Defendant prior to sentencing.[5] On January 31, 2023, the Court received a Forensic Mental Health Examination Report from DPC.[6] On February 14, 2023, the Court provided counsel for the State and Defendant copies of the completed forensic psychiatric evaluation.[7]

---

[1] Docket Item ("D.I.") 2, Information.
[2] D.I. 4.
[3] D.I. 3.
[4] D.I. 19, June 15, 2022 Plea Tr. at 15:14-15.
[5] D.I. 6. The purpose of the examination was to determine Defendant's need for psychiatric or psychological treatment.
[6] D.I. 7.
[7] D.I. 8.

On March 17, 2023, the Court sentenced Defendant. At sentencing, the State recommended, among other things, that Defendant should receive a sentence of eight years level V, suspended after serving two years Level V, followed by descending levels of probation. The State also noted that the DPC psychiatric evaluation indicated a need for mental health treatment and a medication compliance plan.[8] Defendant's counsel then requested the Court impose a time-served plea, followed by declining levels of probation, mental health counseling and treatment as recommended, and a medication compliance regimen.[9] Defendant's counsel noted that Defendant took "responsibility for this [assault] at the absolute earliest time that he could have,"[10] and acknowledged Defendant's lack of diligence in maintaining his psychiatric medication likely contributed to his assaultive behavior.[11]

After considering counsel's presentations, the Court sentenced Defendant to eight years level V, suspended after serving two years, followed by decreasing levels of probation.[12] Defendant was also ordered to have no contact with the victim, undergo a mental health evaluation and follow any recommended course of

---

[8] D.I. 15, Sentencing Tr. at 5-6.
[9] *Id.* at 9:16 – 10:4.
[10] *Id.* at 7-8.
[11] *Id.* at 8:6-13. Defendant also conceded that his lack of medication compliance contributed to the assault for which he was being sentenced. *Id.* at 11:1-8.
[12] D.I. 11, Sentence Order.

counseling/treatment, complete an anger management program, and take all medication as prescribed.[13]

Defendant did not file a direct appeal. On April 17, 2023, Defendant filed a Motion for Postconviction Relief, claiming that his guilty plea should not have been accepted by the Court without first subjecting him to a mental health evaluation and ensuring he was taking prescribed medication(s).[14] As is noted below, Defendant's claim is procedurally barred as he did not raise it in the proceedings leading up to his conviction, or on direct appeal, and even if he did, his claim is meritless and unsupported by the record.

### (a) Rule 61's Procedural Bars

In any motion for postconviction relief, this Court must first determine whether a defendant has satisfied the procedural requirements of Superior Court Criminal Rule 61 before giving consideration to the merits of the underlying claims.[15] Specifically, Superior Court Criminal Rule 61(i)(3) provides:

> **(3) Procedural default.** Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this Court, is thereafter barred, unless the movant shows:
>
> **(A)** Cause for relief from the procedural default and,
> **(B)** Prejudice from violation of the movant's rights.

---

[13] D.I. 15, Sentencing Tr. at 13:12-23.
[14] D.I. 12, Def's Mot. for Postconviction Relief at 3.
[15] *Taylor v. State*, 32 A.3d 374, 388 (Del. 2011) (citing *Shelton v. State*, 744 A.2d 465, 474 (Del. 1999)).

Here, Defendant's first postconviction motion is procedurally defaulted because Defendant did not assert this claim in the proceedings leading to the judgment of conviction. Stated differently, Defendant failed to raise this issue either during the prosecution of his case or on direct appeal, and he cannot overcome the procedural hurdle which required him to do so before seeking postconviction relief. And, Defendant has failed to sufficiently explain why his claim was not asserted in the proceedings leading to the judgment of conviction, from arrest through the plea and sentencing, nor on direct appeal. His claim is procedurally barred.

Assuming, for argument's sake, that Defendant's claim is not procedurally barred and the Court were to consider it on its merit, Defendant fails to state a valid postconviction claim.

Defendant's claim reads as follows:

> **Ground One:** No mental health evaluation was done before the guilty plea.
> **Supporting Facts:** The Affidavit of Probable Cause states I was in a mental episode. So [the] guilty plea shouldn't [have] been accepted without mental [health] evaluation and medication.[16]

Defendant does not claim that trial counsel was ineffective in representing him. Defendant does not assert his plea was involuntarily entered, nor does he claim he did not comprehend any part of the plea process, whether it be the content of the Truth In Sentencing Guilty Plea form, the Plea Agreement, or the colloquy with the

---

[16]  D.I. 12, Def's Mot. for Postconviction Relief at 3.

5

Court.  He also does not suggest the entry of his plea was not an intelligent act.  In fact, a brief review of the transcript of the plea colloquy demonstrates otherwise.[17] Finally, Defendant fails to articulate why or how a mental health evaluation was either appropriate or necessary prior to entering his plea, and he does not explain why failing to take medication prior to the entry of the guilty plea caused a defect which substantiates a valid postconviction claim.

During the plea colloquy, Defendant's responses to the Court's questions were appropriate, and he denied having a mental condition that prevented him from understanding the plea proceeding.  At no point did he exhibit confusion or lack of understanding as to the proceeding or the questions posed.  After agreeing to tell the truth,[18] the following colloquy ensued:

> **The Court:**  Now, do you understand why you are here today?
> **Defendant:** Yes, sir.
> **The Court:**  It is my understanding that what you want to do is plead guilty.  Is that right?
> **Defendant:** Yes, Sir.
> **The Court:**  Do you have any mental or physical condition today that prevents you from understanding what is going on?
> **Defendant:** No.
> **The Court:**  How far did you go in school?
> **Defendant:** College.

---

[17]  A defendant's statements to the Superior Court during a guilty plea colloquy are presumed to be truthful.  *Somerville v. State*, 703 A.2d 629, 632 (Del. Oct. 23, 1997)(citing  *Bramlett v. A.L. Lockhart*, 8th Cir., 876 F.2d 644, 648 (1989)). Those contemporaneous representations by a defendant pose a "formidable barrier in any subsequent collateral proceedings." *Id.* (citing *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74 (1977))).
[18]  D.I. 19, Plea Tr. at 7:15-17.

**The Court:** On the table in front of you is a document called the Truth in Sentencing Guilty Plea Form. Do you see that document on the table in front of you?

**Defendant:** Yes, sir.

**The Court:** The right-hand corner of that document has a signature. Is that your signature?

**Defendant:** Yes, sir.

**The Court:** Did you sign this document?

**Defendant:** Yes, sir.

**The Court:** Before you signed this document, did you have an opportunity to review the contents of the document with your attorney?

**Defendant:** Yes, sir.

**The Court:** Did you have an opportunity to get any questions you had about what that form meant, or what it said, answered before you signed it?

**Defendant:** Yes, sir.

**The Court:** Before you signed it, did you understand what the form said?

**Defendant:** Yes, sir.[19]

The Court reviewed the constitutional rights Defendant waived by entering a guilty plea, and Defendant confirmed he understood. Then, the following exchange occurred:

**The Court:** Has anyone promised you anything?

**Defendant:** No sir.

**The Court:** Has anyone threatened you in any way so that you would enter this plea?

**Defendant:** No sir.

**The Court:** Has anyone forced you to do this?

**Defendant:** No sir.[20]

---

[19] *Id.* Plea Tr. at 8:8 – 10:11. On the Truth In Sentencing Guilty Plea Form, Defendant indicated he had never been a patient in a mental hospital and he "freely and voluntarily decided to plead guilty to the charges listed in [the] written plea agreement."

[20] *Id.* Plea Tr. at 12:14 – 13:3.

After reviewing the elements of Assault Second Degree with the Court, and admitting he was guilty of the offense, the Court accepted Defendant's guilty plea.[21] The Court specifically concluded:

> I find the plea to be intelligently given, knowingly given, voluntarily given, and have a basis in fact. We are going to order a presentence investigation report. And we will all be back after that.[22]

The issue before this Court in considering Defendant's capacity to enter a plea is at the time the plea is proffered in Court. As demonstrated by the plea colloquy transcript and the Truth in Sentencing Guilty Plea Form, the Court properly concluded, based on the presentation of the Defendant, that the plea was knowingly, intelligently and voluntary entered, with an understanding of the charge and penalties which Defendant faced.[23] Defendant's claim that the plea should have been deferred pending the administration or consumption of medication, or the completion of a mental health evaluation, is contrary to the record and unsupported by any authority.

---

[21] *Id.* Plea Tr. at 14:11-23 – 15:1-4.

[22] *Id.* Plea. Tr. at 15:11-16.

[23] In fact, Defendant's plea was fast-tracked prior to Indictment because, as defense counsel indicated, Defendant "wants to go forward and plead guilty, knowing that [sentencing] is open. We don't know what the State is going to ask for, but he wants to take responsibility for this. We went over the trial rights that he waives and the maximum possible penalties. He is doing this knowingly, intelligently and voluntarily." *Id.* at 6:12-19.

## CONCLUSION

For all of the foregoing reasons, I recommend Defendant's Motion for Postconviction Relief should be **SUMMARILY DISMISSED** as procedurally barred and meritless.

**IT IS SO RECOMMENDED.**

/S/ *Martin B. O'Connor*
Commissioner Martin B. O'Connor

Oc: Prothonotary
Cc: Mark Petrucci, Deputy Attorney General
    LaRon Philmore