# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
                            )
           v.                  )     I.D. Nos. 2404009772
                            )               2404014218
SHAKA LEWIS, )
                            )
      Defendant.        )

Submitted: April 7, 2025
Decided:  April 16, 2025

*Upon Defendant Shaka Lewis' Motion for Postconviction Relief*
**SUMMARILY  DISMISSED.**

*Upon Defendant Shaka Lewis' Motion for Appointment of Counsel*
**DENIED.**

**ORDER**

Jillian Bender, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

Shaka Lewis, SBI# 449332, Howard R. Young correctional Institution, 1301 E. 12th Street, Wilmington, DE 19809, *pro se*.

**WHARTON, J.**

The 16th day of April 2025, upon consideration of Defendant Shaka Lewis' ("Lewis") Motion for Postconviction Relief[1] ("PCR Motion"), his Motion for Appointment of Counsel,[2] and the record in this case, it appears to the Court that:

1. Lewis pled guilty to Attempted Assault First Degree, Burglary First Degree, and Possession of a Firearm During the Commission of a Felony ("PFDCF") on November 12, 2024.[3] He was sentenced the same day to an unsuspended minimum mandatory period of seven years imprisonment followed by probation.[4] Lewis did not appeal.

2. Lewis now moves for postconviction relief for the first time.[5] Accompanying that motion is a Motion for Appointment of Counsel.[6] Lewis raises three claims. His first alleges, "Ineffective assistance of counsel. I feel like I was pressured into taking the plea deal. Faced with a lengthy potential sentence, my lawyer coerced me to take plea."[7] The second alleges, "Ineffective assistance of counsel. My lawyer did not call witnesses that would have provided key evidence for

---

[1] D.I. 15 (ID N. 2404014218); D.I. 16 (ID No. 2404009772). Subsequent docket item references are to ID No. 2404014218).`
[2] D.I. 17.
[3] D.I. 11.
[4] D.I. 12.
[5] D.I. 15.
[6] D.I. 17.
[7] *Id.*

my case."[8] The third simply states, "Mental health needs. Lack of mental health resources such as counselling or therapy."[9]

 3. Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[10] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[11] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[12] A second or subsequent motion is repetitive and therefore barred.[13] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[14] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[15] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the

---

[8] *Id.*
[9] *Id.*
[10] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[11] *Id.*
[12] Super. Ct. Crim. R. 61(i)(1).
[13] Super. Ct. Crim. R. 61(i)(2).
[14] Super. Ct. Crim. R. 61(d)(2)(i).
[15] Super. Ct. Crim. R. 61(d)(2)(ii).

movant can show "cause for relief" and "prejudice from [the] violation."[16] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17] The above bars to relief do not apply either to a claim the court lacked jurisdiction or to one claiming: (1) actual innocence; or (2) the application of a newly recognized, retroactively applied, rule of constitutional law rendering the conviction invalid.[18] None of Rule 61(i)'s bars to relief are present here.

4.    To successfully bring an ineffective assistance of counsel ("IAC") claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced the claimant by depriving him of a fair trial with reliable results.[19] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[20] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[21] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[22] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional

---

[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).
[18] Super. Ct. Crim. R. 61(i)(5), citing Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[19] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).
[20] *Id.* at 667-68.
[21] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).
[22] *Strickland*, 446 U.S. at 689.

errors, the result of the proceeding would have been different."[23]  An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim.  Failure to do so on either prong will doom the claim and the Court need not address the other.[24]

5.  Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[25]  Here, it is plain to the Court from the PCR Motion and the record in this case that Lewis is not entitled to relief.

6.  The Court need only review Lewis' Truth-in-Sentencing Guilty Plea Form to see that he was not pressured or coerced into pleading guilty.  Barring clear and convincing evidence to the contrary, defendants are bound by the representations they make during their plea colloquy.[26]  These statements are "presumed to be truthful"[27] and pose a "formidable barrier to a collateral attack on a guilty plea."[28]  At no point during his colloquy, as reflected by the Truth-in Sentencing Guilty Plea Form, did Lewis express that his plea was not knowingly, intelligently, and voluntarily entered.[29]  He denied being forced into pleading guilty, informed the

---

[23] *Id.* at 694.
[24] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[25] Super. Ct. Crim. R. 61(d)(5).
[26] *Somerville*, 703 A.2d at 632.
[27] *Somerville*, 703 A.2d at 632 (citing *Davis v. State,* 1992 WL 401566 (Del. 1992)); *Bramlett v. A.L. Lockhart*, 876 F.2d 644, 648 (8th Cir. 1989)).
[28] *Blackledge v. Allison,* 431 U.S. 63, 64 (1977).
[29] D.I. 11.

Court that he was satisfied with his attorney's representation, and understood the trial rights he waived by pleading guilty.[30]

7. If any pressure or coercion was applied to Lewis, it was a result of the difficult situation in which he found himself. As he acknowledges, he was faced with a "lengthy potential sentence." He is correct – he was facing a long potential sentence of 75 years on just the charges to which he pled guilty. Other charges included a second count of Attempted Assault First Degree, an additional two counts of PFDCF, Carrying a Concealed Deadly Weapon, Criminal Mischief (Felony), Aggravated Menacing, Unlawful Imprisonment First Degree, and Criminal Mischief (Misdemeanor). He faced an additional 93 years at Level V, eight of which were minimum mandatory sentences, on the charges the State agreed to drop. But, his lawyer had nothing to do with that type of pressure. Lewis has not made, much less substantiated, any concrete claim of actual prejudice. His first claim is **SUMMARILY DISMISSED**.

8. Similarly Lewis' second claim of IAC is unsubstantiated by any evidence of actual prejudice. He does not identify what witnesses his lawyer should have called. Nor does he describe what evidence they would have provided. Moreover, there was no hearing at which the witnesses would have testified. This claim too is **SUMMARILY DISMISSED.**

---

[30] *Id.*

9. Lewis' third claim is not really a claim at all. It is simply a statement about a lack of mental health resources.[31] It is **SUMMARILY DISMISSED** as well.

10. Finally, Lewis seeks appointment of counsel. That request is denied due to the Court's summary dismissal of all of his PCR claims. Further, Rule 61(e)(3)(iii) precludes appointment of counsel in guilty plea cases unless the movant sets forth a substantial claim that he has received IAC.[32] Lewis' IAC claims fail to meet that test.

**THEREFORE,** Defendant Shaka Lewis' Motion for Postconviction Relief is **SUMMARILY DISMISSED.** His Motion for Appointment of Counsel is **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[31] *Id.*
[32] Super Ct. Crim. R. 61(e)(3)(iii).